EDMUND G. BROWN JR.
Attorney General of California
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
ANTHONY P. O'BRIEN
Deputy Attorney General
State Bar No. 232650
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 323-6879
  Fax: (916) 324-8835
  E-mail: Anthony.OBrien@doj.ca.gov

*Attorneys for Defendants Edmund G. Brown Jr.*
*California Attorney General, and Debra Bowen,*
*California Secretary of State*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **PAMELA BARNETT,** | Case No. 2:10-cv-02216-FCD-DAD |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| **DAMON JERRELL DUNN, ET AL.,** | **[Fed. R. Civ. P. 12(b)(6); Local Rule 230(b)]** |
| Defendants. | |
| | Date:         November 10, 2010 |
| | Time:         10:00 a.m. |
| | Courtroom:  2 |
| | Judge:        The Honorable Frank C. Damrell |
| | Trial Date:   Not Yet Set |
| | Action Filed: May 10, 2010 |

# TABLE OF CONTENTS

**Page**

Introduction .................................................................................................................. 1

Background .................................................................................................................. 3

      A.     Factual background. ................................................................................ 3

      B.     Procedural history. ................................................................................. 4

Standard of Review ..................................................................................................... 5

Argument ..................................................................................................................... 7

    I.      After dismissal of defendant U.S. Election Assistance Commission, the Court should remand the remainder of the case to state court. .................... 7

    II.     Sovereign immunity under the Eleventh Amendment bars Barnett's relief against defendants Brown and Bowen in federal court. ............................... 8

    III.    The Court should grant defendants' motion to dismiss because Barnett's requested relief would substantially interfere with the conduct of the election. ................................................................................................... 9

    IV.    Barnett failed to state a claim for relief because Dunn satisfied the eligibility requirements to run for Secretary of State, and is not disqualified by any omissions in his voter registration form. ................................. 12

          A.     Dunn satisfied the state's eligibility requirements to run as a Republican candidate for Secretary of State. .................................... 12

          B.     Barnett failed to allege facts showing that Dunn's omission of prior registration information invalidated his California voter registration form. .............................................................................................. 14

    V.     The Court should dismiss Barnett's breach of fiduciary duty claims because defendants fulfilled all duties in ensuring that Dunn's candidacy complied with election laws. ............................................................ 15

          A.     Bowen did not breach any duty to Barnett in verifying Dunn's eligibility for candidacy. ................................................................. 15

          B.     Brown did not breach any duty owed to Barnett, because, as Attorney General, he had no statutory duty to enforce election laws. ....... 17

    VI.    The Court should dismiss Barnett's seventh cause of action for unjust enrichment because she has not alleged facts supporting any of her underlying claims. ............................................................................. 17

    VII.   The Court should deny Barnett any further leave to amend her complaint because she cannot state a claim for relief. ....................................... 18

Conclusion ............................................................................................................... 18

i

1

**TABLE OF AUTHORITIES**

2

CASES

3

*Ashcroft v. Iqbal*
4
 ___ U.S. ___; 129 S. Ct. 1949 (2009).......................................................... 5

5

*Assembly v. Deukmejian*
 30 Cal.3d 638*(1982)* ....................................................................... 16
6

*Astoria Federal Savings and Loan Ass'n v. Solimino*
7
 501 U.S. 104 (1991) ......................................................................... 6

8

*Balistreri v. Pacifica Police Dep't*
 901 F.2d 696 (9th Cir. 1988)........................................................... 5
9

*Barron v. Reich*
10
 13 F.3d 1370 (9th Cir. 1994)......................................................... 2, 6

11

*Bell Atlantic Corp. v. Twombly*
12
 550 U.S. 544 (2007) ......................................................................... 5

13

*Berg v. Leason*
 32 F.3d 422 (9th Cir. 1994)............................................................. 7
14

*Cahill v. Liberty Mut. Ins. Co.*
15
 80 F.3d 336 (9th Cir. 1996)............................................................. 5

16

*Caterpillar Inc. v. Williams*
17
 482 U.S. 386 (1987) ......................................................................... 6

18

*Chambers v. Ashley*
 33 Cal.App.2d 390*(1939)*................................................................ 9
19

*Cholla Ready Mix, Inc. v. Civish*
20
 382 F.3d 969 (9th Cir. 2004)........................................................... 5

21

*Durning v. First Boston Corp.*
22
 815 F.2d 1265 (9th Cir. 1987)......................................................... 5

23

*Emrich v. Touche Ross & Co.*
 846 F.2d 1190 (9th Cir. 1988).......................................................... 5, 6
24

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
25
 896 F.2d 1542 (9th Cir. 1989)......................................................... 2, 5

26

*Kentucky v. Graham*
27
 473 U.S. 159 (1985) ......................................................................... 8

28

ii

*Lectrodryer v. SeoulBank*
    77 Cal.App.4th 723*(2000)*.................................................................................. 16

*Mack v. South Bay Beer Distrib., Inc.*
    798 F.2d 1279 (9th Cir. 1986)............................................................................ 6

*Marder v. Lopez*
    450 F.3d 445 (9th Cir. 2006)............................................................................. 5

*Neitzke v. Williams*
    490 U.S. 319 (1989)......................................................................................... 5

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984).......................................................................................... 8

*Peura v. Mala*
    977 F.2d 484 (9th Cir. 1992)............................................................................. 8

*Polich v. Burlington Northern, Inc.*
    942 F.2d 1467 (9th Cir. 1991)........................................................................... 17

*Stracke v. Farquar*
    20 Cal.2d 82*(1942)*....................................................................................... 9

*Students for a Conservative Am. v. Greenwood*
    378 F.3d 1129 (9th Cir. 2004)........................................................................... 8

*Watkins v. Grover*
    508 F.2d 920 (9th Cir. 1974)............................................................................ 6, 7

**FEDERAL STATUTES**

28 U.S.C. § 1367(c)(3).............................................................................................. 6

28 U.S.C. § 1442 (a)(1)............................................................................................ 4, 6, 8

42 U.S.C. § 1973 et seq............................................................................................. 7

42 U.S.C. § 5301 et seq............................................................................................. 7

**FEDERAL CONSTITUTIONAL PROVISIONS**

Eleventh Amendment................................................................................................ 8, 18

First Amendment...................................................................................................... 7, 12

**STATE STATUTES**

Cal. Elec. Code § 2101............................................................................................. 14

Cal. Elec. Code § 2150 .................................................................................. 4, 7

Cal. Elec. Code §§ 2150-54 ....................................................................... 4, 7, 14

Cal. Elec. Code, § 2150 (a)(10) ......................................................................... 13

Cal. Elec. Code § 2153 ...................................................................................... 13

Cal. Elec. Code § 2153 (c) ................................................................................. 13

Cal. Elec. Code § 5100 ................................................................................. 12, 13

Cal. Elec. Code § 8001 ................................................................................... 4, 7

Cal. Elec. Code § 8001(a) ............................................................................ 11, 12

Cal. Elec. Code § 8001(b) .............................................................................. 2, 13

Cal. Elec. Code §§ 8070, 8082 .......................................................................... 15

Cal. Elec. Code § 8120 .............................................................................. 10, 15

Cal. Elec. Code § 13314(a)(1) ............................................................................ 9

Cal. Elec. Code § 13314(a)(2)(B) .................................................................. 9, 11

Cal. Gov. Code § 12172.5 ............................................................................ 15, 16

Fla. Stat. § 98.065(4)(c) ...................................................................................... 2

**STATE CONSTITUTIONAL PROVISIONS**

Cal. Const., Article II, § 2.5 ........................................................................ 9, 11

**COURT RULES**

Fed. Rules Civ. Proc. 12(b)(6) ...................................................................... 5, 17

Fed. Rules Civ. Proc. 56 ..................................................................................... 5

iv

1

**INTRODUCTION**

2      In her First Amended Complaint, Plaintiff Pamela Barnett seeks an order to remove Damon

3  Dunn from the General Election ballot for California Secretary of State.  But Barnett's claim is

4  based on her unsupported and erroneous contentions that Dunn has not been affiliated with the

5  Republican Party for a sufficient amount of time before declaring his candidacy, and that Dunn

6  did not complete the prior registration section when registering to vote in California in March

7  2009.  Barnett also seeks to remove Secretary of State Debra Bowen and Attorney General

8  Edmund G. Brown Jr. from the General Election ballot, claiming that they breached their

9  fiduciary duties to Barnett by not disqualifying Dunn as a candidate for Secretary of State.

10      Before answering the complaint, codefendant United States Election Assistance

11  Commission (EAC) removed this matter to this Court under 28 U.S.C. § 1442(a)(1) (suit against a

12  federal agency).  EAC's presence in this suit is the only basis for federal jurisdiction in this

13  matter.  Therefore, if the Court decides to dismiss EAC, it then has the discretion to remand this

14  case to state court.  Prior to removal, Defendants Brown and Bowen had filed a demurrer to

15  Barnett's First Amended Complaint.  Remanding this matter would allow the superior court to

16  decide this demurrer.

17      If, however, the Court retains jurisdiction of this matter, it should grant Defendants Brown

18  and Bowen's motion to dismiss without leave to amend.  Sovereign immunity under the Eleventh

19  Amendment bars Barnett's claims against Defendants Brown and Bowen.  Moreover, the

20  issuance of Barnett's requested relief—orders to remove Dunn, Bowen, and Brown from the

21  General Election ballot—would substantially interfere with the November 2010 election.  The

22  primary election ended on June 8, 2010, the parties have nominated candidates for the Secretary

23  of State and Governor races, and the state's voters will elect a Secretary of State and Governor in

24  the November 2, 2010 General Election.  Barnett's requested relief, therefore, would result in the

25  nullification of votes cast for Dunn, Bowen, and Brown.

26      The Court should also grant this motion to dismiss because Dunn properly qualified as an

27  eligible candidate for the Republican nomination for Secretary of State.  Before declaring his

28  candidacy, Dunn needed to have been affiliated with the California Republican party for at least

1

1    three months, and not affiliated with any other qualified California party for at least twelve

2    months.  Dunn cleared both of these requirements.  He registered as a Republican nearly twelve

3    months before declaring his candidacy for Secretary of State in March 2010.  And Dunn's prior

4    registration in the Florida Democratic Party did not disqualify his candidacy because it expired

5    five years before he declared his candidacy, and the *Florida* Democratic Party is not a qualified

6    political party in California.

7         Defendants are also entitled to dismissal because Barnett's complaint fails to state any facts

8    showing that Defendants breached their duties in the processing of Dunn's declaration for

9    candidacy.  The Secretary of State fulfilled her duties by not only presenting Dunn as one of the

10   certified candidates for Secretary of State, but also confirming Dunn's eligibility after Barnett had

11   requested an investigation.  As Attorney General, Brown has no statutory duty to investigate

12   Dunn's eligibility, especially when the Secretary of State has not found any reason to refer the

13   matter to the Attorney General.  And Barnett's complaint fails to raise any facts showing that any

14   of the Defendants intentionally concealed or misrepresented information regarding Dunn's

15   eligibility to run for Secretary of State.  For these reasons, the Court should grant this motion to

16   dismiss.

17        In granting this motion to dismiss, the Court should also deny Barnett any further leave to

18   amend her complaint.  Barnett has exercised her right to amend her complaint once before

19   answering Defendants' initial demurrer filed in state court.  But even in her First Amended

20   Complaint, Barnett has still failed to allege any facts stating a claim for relief.  Because Barnett

21   cannot allege any facts showing that the Defendants are liable, the Court should deny her leave to

22   amend her complaint yet again, and should close this matter.

23   / / /

24   / / /

25   / / /

26

27

28

2

# BACKGROUND

**A.    Factual Background.**

Damon Dunn is the Republican candidate for California Secretary of State. (First Amended Complaint (FAC), Exh. K[1]; Req. for Judicial Notice, Ex. 3.)[2]

In 1999, Dunn registered to vote in Florida and stated his affiliation with the Democratic Party. (FAC, Exh. D.) Under Florida law, a resident is placed on the inactive voter list when he or she does not respond to a mailed address confirmation sent by the county supervisor of elections. Fla. Stat. § 98.065(4)(c). The voter is then removed from the statewide voter registration system if he or she does not vote for two consecutive federal elections, and fails to update his or her voter registration information. *Id.*

In March 2002, the Duval County, Florida Supervisor of Elections converted Dunn's voting status to inactive because Dunn did not have any voting history, and did not respond to mail sent to his Jacksonville residence. (FAC, Exh. L.) Dunn had no further activity on his Florida voting record, and on June 6, 2005, the Duval County Elections Supervisor converted Dunn to an ineligible voter in Florida, thus requiring Dunn to reregister if he wanted to vote in Florida. (FAC, Exh. L.)

On March 13, 2009, Dunn registered to vote in California and stated his affiliation with the Republican Party. (FAC, Exh. A.) On March 10, 2010, Dunn declared his candidacy for the Republican nomination for California Secretary of State. (FAC, Exh. K.)[3] As part of his Declaration of Candidacy, the Orange County, California Registrar of Voters certified that Dunn: (1) had been affiliated with the California Republican Party for at least three months before filing

---

[1] The Court may consider materials properly attached to complaints as exhibits. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).
[2] "Records and reports of administrative bodies" constitute materials of which the court may take judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).
[3] In the First Amended Complaint, Barnett incorrectly states that Dunn declared his candidacy on November 5, 2009, when he submitted a Candidacy Intention Statement. (FAC ¶ 29, Exh. B.) As opposed to the Declaration of Candidacy, which includes an affidavit showing the candidate's affiliation with his or her political party, as required under California Elections Code § 8001(b), the Candidate Intention Statement is not mandated by the California Elections Code. Therefore, Dunn declared his candidacy on March 10, 2010, when he filed the state-mandated Declaration of Candidacy form (FAC, Exh. K.), not when he filed the Candidate Intention Statement.

3

1   his declaration for candidacy; and (2) was not affiliated with any other political party for twelve

2   months before declaring his candidacy.  (FAC, Exh. K.)

3        On March 30, 2010, Jerry Holland, Supervisor of Elections for Duval County, Florida,

4   issued a letter to the California Secretary of State's office stating that Dunn had become ineligible

5   to vote in Florida in June 2005, due to his inactivity and lack of response to mailings from the

6   Office of the Supervisor of Elections.  (FAC, Exh. L.)

7        On May 12, 2010, the Secretary of State's Office responded to a complaint filed by Barnett

8   regarding Dunn's eligibility.  (FAC, Exh. M.)  In the letter the Secretary of State's Office noted

9   that Dunn's registration as a Democrat in Florida expired in June 2005, and that he was not

10   affiliated with any party when he registered to vote in California in March 2009.  (FAC, Exh. M.)

11   The Secretary of State's Office also noted that there were no criminal sanctions for Dunn's failure

12   to complete the section on prior registration in his voter registration card.  (FAC, Exh. M.)

13        On June 8, 2010, California completed the Statewide Direct Primary Election.  (Req. for

14   Judicial Notice, Exh. 2.)  Dunn won the Republican Primary for California Secretary of State,

15   receiving 74.4 percent of the state's Republican votes.  (Req. for Judicial Notice, Exh. 2.)

16   **B.    Procedural History.**

17        On May 10, 2010, Barnett filed a complaint against Damon Dunn, Secretary of State

18   Bowen, and Attorney General Brown in the Superior Court of California, County of Sacramento,

19   alleging that:  (1) Bowen violated California Elections Code § 8001 and defrauded the Plaintiff by

20   allowing Dunn to run as a Republican candidate for Secretary of State; and (2) Brown and Bowen

21   both breached their fiduciary duty owed to Plaintiff by not disqualifying Dunn from the election.

22   (Req. for Judicial Notice, Exh. 5.)  On June 11, 2010, Defendant Bowen and Brown filed a

23   demurrer to Barnett's initial complaint.  (Req. for Judicial Notice, Exh. 6.)  Instead of opposing

24   the demurrer, Barnett filed her First Amended Complaint in state court, naming Dunn, Bowen,

25   Brown, Orange County Registrar of Voters Neal Kelley, and the United States Elections

26   Assistance Commission as Defendants.  (Clerk's Record (CR) 1.)

27        Barnett's First Amended Complaint includes the following allegations against Defendants

28   Bowen and Brown:

4

- **Second Cause of Action:** Secretary of State Bowen spoiled evidence and infringed on Plaintiff's First Amendment rights by allowing Damon Dunn to run as a Republican candidate for Secretary of State. (FAC, ¶¶ 43-69.)

- **Third Cause of Action:** Bowen violated California Elections Code §§ 2150, 2153, and 2154 by not seeking Dunn's prior registration information when he registered to vote in California. (FAC, ¶¶ 70-79.)

- **Fourth Cause of Action:** Bowen and Attorney General Brown acted contrary to public policy by failing to ascertain information regarding Dunn's prior out-of-state voting record. (FAC, ¶¶ 80-88.)

- **Fifth Cause of Action:** Bowen acted with undue influence by allowing Dunn to proceed with his campaign, even though he violated California Elections Code §§ 2150-54 and 8001. (FAC, ¶¶ 89-100.)

- **Sixth Cause of Action:** Bowen and Brown breached their fiduciary duties owed to Plaintiff by failing to investigate Dunn's incomplete voter registration form. (FAC, ¶¶ 101-135.)

- **Seventh Cause of Action:** Bowen and Brown were unjustly enriched by allowing Dunn's candidacy for Secretary of State. (FAC, ¶¶ 136-37.)

On August 16, 2010, Defendants Brown and Bowen demurred to the First Amended complaint. (Req. for Judicial Notice, Exh. 7.) The next day, Defendant EAC removed the case to this Court, pursuant to 28 U.S.C. § 1442(a)(1) (suit against a United States agency). (CR 1.)

As discussed below, the presence of the EAC in this case is the only basis for federal jurisdiction in this matter. Therefore, if the Court dismisses the EAC, it can exercise its discretion to remand to state court. If, however, the Court retains jurisdiction, Defendants Bowen and Brown request dismissal without leave to amend, because Barnett fails to state any claim for relief against them, and cannot allege any facts sufficient for stating a cause of action.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A motion to dismiss may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d

5

1   696, 699 (9th Cir. 1988).  In considering the motion, the Court must construe the complaint in the

2   light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  *Cahill*

3   *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

4          Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to

5   dismiss.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  Instead, the

6   complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

7   plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___; 129 S. Ct. 1937, 1949 (2009) (quoting

8   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when

9   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

10   defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp.*, 550 U.S. at 556).

11   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

12   sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atlantic Corp.*, 550

13   U.S. at 557).

14          Review is generally limited to the contents of the complaint.  *Marder v. Lopez*, 450 F.3d

15   445 (9th Cir. 2006).  But the Court may consider materials properly attached to complaints as

16   exhibits.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

17   1989).  And the Court may disregard allegations contradicted by the complaint's attached

18   exhibits.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

19          Generally, if the district court considers matters outside the pleading in ruling on a motion

20   to dismiss, the motion is converted into a motion for summary judgment pursuant to Fed. R. Civ.

21   P. 56.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).  The court, however,

22   may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion

23   into one for summary judgment. *See, e.g., Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)

24   (judicial notice of Department of Labor Field Operations Handbook); *Emrich*, 846 F.2d at 1198

25   (judicial notice of district and appellate court proceedings); *Mack v. South Bay Beer Distrib., Inc.*,

26   798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Federal Savings and*

27   *Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (judicial notice of records and reports of

28   administrative bodies).

6

**ARGUMENT**

I. **AFTER DISMISSAL OF DEFENDANT U.S. ELECTION ASSISTANCE COMMISSION, THE COURT SHOULD REMAND THE REMAINDER OF THE CASE TO STATE COURT.**

The United States or any federal agency may remove any state court civil action filed against them "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). If, however, the federal court dismisses the federal agency after removal, and there exists no other basis for federal jurisdiction, the court may remand the remainder of the case to state court. 28 U.S.C. § 1367(c)(3). *See Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974) (holding that, after dismissing the federal defendants in a case involving only state claims, the district court could either hear the remainder of the suit on its merits or remand the case to state court).

Here, the only basis for federal jurisdiction is the presence of a federal agency—the EAC— as a Defendant. 28 U.S.C. § 1442(a)(1). (CR 1.) Barnett's First Amended Complaint alleges only state and common law violations, and all of the other named Defendants reside in California, and therefore do not claim diversity jurisdiction. (FAC ¶¶ 1, 2, 4, 9.) Therefore, if the Court dismisses the EAC, it would be acting within its discretion if it remands the case to state court. Doing so would allow the superior court to decide Defendant Brown and Bowen's demurrer.

It is possible that Barnett may argue that this matter remain in federal court because it raises claims that Defendants violated federal statutes. If she does, this argument should be rejected because Barnett's claims fail to satisfy the "well pleaded complaint rule" necessary for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Barnett's First Amended Complaint states that Defendant Bowen's actions, in allowing Dunn to run for office in violation of California Elections Code §§ 2150 and 8001, violated her First Amendment Rights. (FAC, ¶ 67.) Barnett also argues that Bowen violated the California Election Code as they relate to the federal Help America Vote Act of 2002 (HAVA), 42 U.S.C. §

7

1  5301 et seq., and National Voter Registration Act of 1993 (NVRA), 42 U.S.C. § 1973gg et seq.

2  (FAC, ¶¶ 71, 75.)  Barnett's only refers to these federal laws, however, to support her primary

3  claims that Defendants violated state election laws in allowing Dunn to run for Secretary of State.

4  Therefore, they should not be considered in determining the proper forum for this case.

5  　　　　Barnett's passing reference to federal law is insufficient for stating a basis for federal

6  jurisdiction.  In *Berg v. Leason*, 32 F.3d 422, 424 (9th Cir. 1994), the court remanded a contract

7  claim based on federal law because the federal element of the claims was merely "incidental" to

8  the bad faith claim governed by state law.  Similarly, Barnett's references to the First

9  Amendment, HAVA, and NVRA are merely incidental to her primary claims that Defendants

10  violated California election laws in determining Dunn's eligibility to vote and to run for office.

11  Barnett's reference to HAVA and NVRA is only in conjunction with her allegation that Bowen

12  violated California Election Code § 2150 by allowing Dunn's candidacy.  (FAC, ¶¶ 71-75.)  And

13  Barnett's mention that Bowen violated her First Amendment right is contingent on the allegation

14  that Dunn's candidacy violated the voting and candidacy requirements stated in California

15  Elections Code §§ 2150 and 8001.  (FAC, ¶ 67.)  Barnett's mention of federal law, therefore, is

16  not pivotal to any of her claims, but only contingent on the primary state allegations.  For this

17  reason, the Court should disregard any argument for federal question jurisdiction.

18  　　　　As noted above, however, this Court may decide the merits of the remainder of this suit

19  instead of remanding the matter to state court.  *Watkins*, 508 F.2d at 921.  If the Court exercises

20  its discretion and retains jurisdiction over this case, Defendants Bowen and Brown are still

21  entitled to dismissal for the reasons stated below.

22  **II.   SOVEREIGN IMMUNITY UNDER THE ELEVENTH AMENDMENT BARS BARNETT'S**
23  **RELIEF AGAINST DEFENDANTS BROWN AND BOWEN IN FEDERAL COURT.**

24  　　　　Eleventh Amendment immunity bars federal court suits against state officers sued in their

official capacity for damages. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  State officials are

25  entitled to Eleventh Amendment immunity even when only state law claims remain. *See*

26  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (stating that the Eleventh

27  Amendment bars federal courts from hearing pendent state claims for damages brought against

28

8

1   state officers sued in their official capacity).

2   If the Court decides to retain jurisdiction of this matter, Defendants Brown and Bowen are

3   entitled to dismissal under Eleventh Amendment immunity for both Barnett's damages claim and

4   request to remove Dunn, Brown and Bowen from the general election ballots.  (FAC, pp. 36-37.)

5   Although the Eleventh Amendment allows for suits for prospective injunctive relief, *Students for*

6   *a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir. 2004), Barnett's suit does not

7   fit such an exception because her request to disqualify Dunn, Bowen, and Brown from the general

8   election ballot would nullify the results of the already-passed primary election.  In *Greenwood*,

9   the Ninth Circuit held that Eleventh Amendment immunity applies when the purpose of the

10   requested relief "is to undo the results of an election that has already been given effect."  *Id.*  Here,

11   since Barnett's requested relief aims to undo the results of the primary election, the Court should

12   similarly apply the Eleventh Amendment bar.

13   Moreover, the unique nature of this case, where the basis for federal jurisdiction stems from

14   the presence of a third-party federal agency, should not prevent this Court from applying Eleventh

15   Amendment immunity if it chooses to do so.  In *Peura v. Mala*, 977 F.2d 484, 486 (9th Cir. 1992),

16   the court affirmed a decision in which the lower court used the Eleventh Amendment to bar a

17   plaintiff's state claims against the State of Alaska, after the case had been removed by a third

18   party federal defendant (the Secretary of Health and Human Services) under 28 U.S.C. §

19   1442(a)(1).  Likewise, the fact that federal jurisdiction is based on the EAC's presence in this suit

20   should not discourage this Court from barring Barnett's claims against Defendants Bowen and

21   Brown.  For this reason, the Court should dismiss Barnett's claims against Brown and Bowen.

22   **III.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS BECAUSE**

23   **BARNETT'S REQUESTED RELIEF WOULD SUBSTANTIALLY INTERFERE WITH THE CONDUCT OF THE ELECTION.**

24   Actions to remove candidates from the ballot should be denied when they are untimely,

25   moot, or would interfere with the conduct of the election.  The California Constitution provides

26   that "[a] voter who casts a vote in an election in accordance with the laws of this State shall have

27   that vote counted."  Cal. Const. art. II, § 2.5.  The Elections Code prevents the issuance or writs

28   that will "substantially interfere with the conduct of the election."  Cal. Elec. Code §

9

1    13314(a)(2)(B). And courts have denied untimely actions to omit names from the ballot when the

2    election had already begun, or had since ended. *Stracke v. Farquar*, 20 Cal.2d 82 (1942)

3    (refusing to grant a petition for a peremptory writ of mandate to compel the omission of the

4    names of seven persons from the ballot because "the ballot already had been printed and

5    distributed to certain voters"). See *Chambers v. Ashley*, 33 Cal.App.2d 390, 391 (1939) (denying

6    as moot a writ to keep the name of a judge off of the primary election ballot since the primary

7    election had already passed).

8         Should the Court retain jurisdiction of this case, Defendants Bowen and Brown are entitled

9    to dismissal because Barnett's requested relief—removal of Dunn, Bowen and Brown from the

10   general election ballots—is moot, and would greatly interfere with the conduct of this election.[4]

11   The June 8 primary election has long passed, and the parties have selected their nominees for

12   Secretary of State and Governor. (Req. for Judicial Notice, Exh. 2, 3.) Moreover, the Secretary

13   of State has begun publishing the general election ballot materials, which list Bowen and Dunn as

14   candidates for Secretary of State, and Brown as the Democratic Candidate for Governor. (Req.

15   for Judicial Notice, Ex. 3, 4.) By October 4, the Secretary of State will begin processing vote-by-

16   mail applications, and by November 2, the state's voters will have selected their next Secretary of

17   State and Governor. (Req. for Judicial Notice, Exh. 4.) Therefore, any attempt to strike Dunn,

18   Bowen, and Brown from the ballot at this stage of the election will substantially interfere with the

19   general election, and result in the nullification of votes cast for all three of these candidates during

20   the primary and general elections. For this reason, the Court should deny Barnett's request for

21   relief.

22        Moreover, Barnett unreasonably delayed in filing the initial complaint until May 10, 2010,

23   only 29 days before the primary election. (Req. for Judicial Notice, Ex. 1, 5.) And she did not

24   file the First Amended Complaint until July 12, 2010, well after the primary election. (FAC, p.

25   _____

26        [4] Barnett brought this action as a complaint, even though a writ of mandate would have
     been the more appropriate means for relief. See Cal. Elec. Code § 13314(a)(1) (prescribing a writ
     of mandate as the sole vehicle for challenging a violation of state election law by an elector).

27   Since the relief Barnett requests more closely resembles the relief provided through a writ of
     mandate, Defendants refer to California election laws regarding writ relief.

28

                                              10

1 | 1.) Barnett relies solely on the Dunn's Florida and California voter registration forms, and

2 | Candidate Intention Statements as evidence that Dunn failed to meet the eligibility requirements

3 | under Elections Code § 8001. (FAC, Exhs. A, B, D.) Dunn filed the last of these forms—the

4 | Candidate Intention Statement—in November 2009—well before April 1, 2010, when Bowen

5 | submitted Dunn's name as among the certified candidates for Secretary of State. Cal. Elec. Code

6 | § 8120. (FAC, Exh. B; Req. for Judicial Notice, Exh. 1.)

7 |      Barnett could have brought this legal challenge before the Secretary of State submitted the

8 | certified list of candidates. She could have also brought this challenge before persons in the

9 | military and overseas began voting in the primary election (April 9, 2010), and before counties

10 | began mailing sample ballots for the primary election (April 29, 2010). (Req. for Judicial Notice,

11 | Ex. 1.) But Barnett did not file her initial complaint until well after these critical election events

12 | had already taken place. (Req. for Judicial notice, Exh. 5.)

13 |      In her amended complaint, Barnett claims that she brought the lawsuit "immediately after

14 | realizing that the Secretary of State was going to fail to act on her fraud complaint" against Dunn.

15 | (FAC, ¶ 13.) Barnett, however, did not contact the Secretary of State's office about her complaint

16 | against Dunn until May 3, 2010, when she faxed a letter to the Secretary of State's office. (FAC,

17 | Exh. J.) On May 12, 2010, the Secretary of State's responded to Barnett's faxed inquiry

18 | regarding Dunn's eligibility. (FAC, Exh. M.) Barnett does not allege that the Secretary of State

19 | delayed in responding to Barnett's inquiry, or that the Secretary of State prevented Barnett from

20 | raising her complaint in this Court before May 10, 2010. And Barnett does not state why the

21 | filing of her claim with the Secretary of State prevented her from filing a similar claim in this

22 | Court at the same time. Barnett's justification of her delay, therefore, lacks any merit.

23 |      The lateness of Barnett's petition is particularly egregious because the primary election

24 | ended on June 8, 2010. Any decision at this time that affects the eligibility of Dunn, Bowen, and

25 | Brown to be on the general election ballots would nullify the primary election votes cast for these

26 | candidates—a result that violates the California Constitution's specific provision requiring the

27 | counting of every lawfully cast vote, and would result in the substantial interference with the

28 | conduct of the election. Cal. Const. art. II, § 2.5; Cal. Elec. Code § 13314(a)(2)(B). For this

11

Memorandum of Points and Authorities in Support of
Motion to Dismiss Plaintiff's First Amended Complaint (34-2010-00077415)

reason, the Court should deny Barnett's request relief, and grant the motion to dismiss without leave to amend.

### IV. BARNETT FAILED TO STATE A CLAIM FOR RELIEF BECAUSE DUNN SATISFIED THE ELIGIBILITY REQUIREMENTS TO RUN FOR SECRETARY OF STATE, AND IS NOT DISQUALIFIED BY ANY OMISSIONS IN HIS VOTER REGISTRATION FORM.

#### A. Dunn Satisfied the State's Eligibility Requirements to Run as a Republican Candidate for Secretary of State.

Under California Elections Code, a candidate for a partisan office cannot file a declaration for candidacy unless: (1) he has shown by affidavit to be affiliated with the political party for at least three months before presenting his declaration of candidacy for that party's nomination; and (2) he has not been registered as affiliated with another "qualified political party" within twelve months immediately prior to the declaration. Cal. Elec. Code § 8001(a).

Here, the Court should dismiss this case because Dunn satisfied the Election Code's requirements before filing his declaration for candidacy as Secretary of State. First, Dunn satisfied the three-month requirement because he registered with the Republican Party on March 13, 2009, nearly twelve months before he declared his candidacy. (FAC, Exh. A, K.) And second, Dunn was not a member of any other qualified political party for the twelve months preceding his declaration of candidacy. (FAC, Exh. A, K.)

In her First Amended Complaint, Barnett presents no facts (or even allegations) that Dunn was a member of any other political party for the twelve month period before March 2010, when he declared his candidacy for Secretary of State. In her Second Cause of Action, Barnett alleges that Bowen spoiled evidence and violated her First Amendment Rights by not publicizing Dunn's prior voter registration in Florida and Texas. (FAC, ¶¶ 57, 61, 67, Exh. J1). And in her Fourth Cause of Action, Barnett contends that Secretary of State Bowen and Attorney General Brown acted contrary to public policy because they did not ascertain information regarding Dunn's prior out-of-state voting record. (FAC, ¶¶ 80-88.) These claims lack any merit because Dunn was not registered with any other political party within twelve months before declaring his candidacy. Barnett fails to allege any facts showing that Dunn had active voter registrations in Florida, Texas, or any other jurisdiction, at any time during twelve months prior to his declaration of

12

1  candidacy.[5]  To the contrary, all available records show that Dunn's only other political

2  affiliation—with the Florida Democratic Party—expired in 2005. (FAC, Exh. L.)  Barnett,

3  therefore, fails to allege any facts showing that Dunn violated the candidacy eligibility

4  requirements outlined in Elections Code § 8001(a).  Without any such allegation, Barnett fails to

5  state a claim showing that Secretary of State Bowen or Attorney General Brown violated the

6  Elections Code, Plaintiff's First Amendment rights, or public policy by allowing Dunn's

7  candidacy to proceed.  For this reason, the Court should grant Defendants' motion to dismiss as to

8  Barnett's Second and Fourth Causes of Action without leave to amend.

9        Moreover, Dunn's past affiliation with the Florida Democratic Party could not have

10  disqualified his candidacy because the Florida Democratic Party is not a "*qualified* political

11  party" as defined under the California Elections Code.  California Elections Code § 5100 defines

12  a "qualified political party" as a party that fulfills any of the following conditions related to

13  *California* elections:

> (1)  the party polled at least 2 percent of the vote in the last gubernatorial election;
> (2)  the total number of voters registered with the party on or before the 135th day before the election equals at least 1 percent of the entire vote in the last gubernatorial election; or
> (3)  the party filed a petition with the Secretary of State, on or before the 135th day before the primary, with signatures of voters equal to 10 percent of the of the state's entire vote for the previous gubernatorial election.

19  Cal. Elec. Code § 5100.

20  The Florida Democratic Party is not a "qualified political party" as defined under California

21  Elections Code § 8001(b), because it has not fulfilled any of the above noted conditions before

22  the June 8, 2010 primary.  Therefore, Dunn's past affiliation with that party would not have

23  disqualified his candidacy for Secretary of State under *any* circumstances.

24  / / /

---

26  [5] To support her claim that Dunn was registered to vote in Texas, Barnett presents what appears to be an investigation report from an online service stating that Dunn had an inactive voter registration in Texas in December 2001. (FAC, Exh. J1.)  Barnett does not allege that Dunn was registered to vote in Texas at any time within the twelve months before March 2010, when he declared his candidacy for California Secretary of State.

**B.   Barnett Failed to Allege Facts Showing that Dunn's Omission of Prior Registration Information Invalidated His California Voter Registration Form.**

A voter's California registration form includes a "prior registration portion indicating whether the affiant has been registered at another address, under another name, or as intending to affiliate with another party." Cal. Elec. Code § 2150(a)(10). "If the affiant has been so registered, he or she shall give an additional statement giving that address, name, or party." *Id.*

Barnett's Third and Fifth Causes of Action hinge on the theory that Secretary of State Bowen should have disqualified Dunn's candidacy because he left blank the section in his voter registration that calls for prior registration information. (FAC, ¶¶ 70-79, 89-100, Exh. A.) To support her argument, Barnett cites California Elections Code § 2153, which identifies steps that a county elections official should generally take to fill in blank spaces in the voting registration form:

> If the affidavit does not contain all of the information required, and the county elections official is not able to collect the missing information by telephone, but the mailing address of the affiant is legible, the county elections official shall inform the affiant of the reason for rejection and shall send to the affiant a new California Voter Registration Form.

Cal. Elec. Code § 2153(c).

Barnett's allegations hinge on an interpretation of the California Elections Code that requires nullification of voter registration if a voter does not fill out the prior registration section of the form. This hypertechnical construction lacks any legal support and runs contrary to the Election Code's basic requirements for voter eligibility: (1) that the voter is a United States citizen, and a (2) California resident; (3) that the voter is not in prison or on parole for a felony conviction; and (4) that the voter is at least 18 years of age. Cal. Elec. Code, § 2101. Dunn's omission of information regarding his prior registration touches on none of these requirements, and therefore, does not provide sufficient justification for nullifying his voting registration. At most, information regarding Dunn's prior registration goes toward his eligibility for running for office. Cal. Elec. Code § 8001. Since the facts on record show that Dunn has satisfied the affiliation requirements to run as a Republican candidate for Secretary of State, his omission of

14

1    information in his voter registration record—and Bowen's decision not to disqualify him on the

2    basis of that omission—does not amount to any election law violation.

3         Moreover, there this no law imposing a duty on the Secretary of State to nullify an elector's

4    voter registration form because he did not complete the section on prior registration.  The statutes

5    Barnett relies on do not require disqualification if a voter does not complete the prior registration

6    section, nor do they impose any duty on the Secretary of State to take any action against the voter.

7    Cal. Elec. Code, §§ 2150, 2153-54.  Without such an affirmative duty, Barnett cannot allege that

8    the Secretary of State violated the California Election Code or acted with undue influence in

9    allowing Dunn's campaign to proceed.

10        The Court should also grant this motion to dismiss because it appears Dunn correctly left

11   the prior-registration box blank.  Line 16 of the voter registration form completed by Dunn states:

12   "If you were registered to vote before, fill out below."  (FAC, Exh. A.)  Barnett has not presented

13   any facts showing that Dunn was previously registered to vote in California before March 2009.

14   Without any record of prior registration in California, Dunn did not need to complete this section.

15   And since Dunn was not a member of any qualified political party when registering to vote in

16   March 2009, he was not concealing any information that would give Bowen, or any government

17   official, cause to disqualify his candidacy for Secretary of State.  For these reasons, the Court

18   should grant this motion to dismiss as to Barnett's Third and Fifth Causes of Action.

19   **V.   THE COURT SHOULD DISMISS BARNETT'S BREACH OF FIDUCIARY DUTY CLAIMS
         BECAUSE DEFENDANTS FULFILLED ALL DUTIES IN ENSURING THAT DUNN'S
20       CANDIDACY COMPLIED WITH ELECTION LAWS.**

21        **A.   Bowen Did Not Breach Any Duty to Barnett in Verifying Dunn's Eligibility
              for Candidacy.**
22

23        As the chief elections officer of the state, the "Secretary of State shall see that elections are

24   efficiently conducted and that state election laws are enforced."  Cal. Gov. Code § 12172.5.  To

25   determine if there has been any violation of election laws, the Secretary of State may examine

26   ballots, vote-counting computer programs, "and any other records of elections officials."  *Id.*  If

27

28

15

1   the Secretary of State finds that any election laws are not being enforced, he or she "shall call the

2   violation to the attention of the district attorney of the county or to the Attorney General." *Id.*

3          With respect to the determination of candidate eligibility, the Secretary of State is

4   responsible for:  (1) filing nomination documents received from the county elections officials; and

5   (2) transmitting to each county elections official a certified list of candidates eligible for the direct

6   primary.  Cal. Elec. Code §§ 8070, 8082, 8120.

7          In her Sixth Cause of Action, Barnett claims that Secretary of State Bowen breached her

8   fiduciary duty by not disqualifying Dunn as a candidate for Secretary of State.  (FAC, ¶¶ 101-30.)

9   Barnett's claim however, is based on the false premise that Dunn's omission of prior registration

10  on his voting registration form disqualified his candidacy.  (FAC, ¶¶ 105, 112-15.)  As noted

11  above, Dunn's omission does not invalidate his voting eligibility, and it does not give rise to a

12  duty for Bowen to disqualify his candidacy.  Because Barnett has not alleged any facts to create a

13  duty, she cannot allege that Bowen breached any fiduciary duty in not disqualifying Dunn from

14  the race.  For this reason, the Court should dismiss Barnett's Sixth Cause of Action.

15         Contrary to Barnett's allegations, Bowen has fully executed her obligation to enforce the

16  election laws, by verifying Dunn's candidacy after Orange County elections officials certified his

17  eligibility.  (FAC, Exh. K.)  In a letter response to Barnett's claims against Dunn's candidacy, the

18  Secretary of State's office confirmed that Dunn met the affiliation requirements under California

19  Elections Code § 8001.  (FAC, Exh. L, M.)  Secretary of State Bowen upheld her statutory duties

20  in ensuring that Dunn's candidacy complied with election laws, and is entitled to dismissal of

21  Barnett's complaint.

22         Barnett also alleges that Bowen defrauded her by "conceal[ing] and enter[ing] false

23  statements into the public record with intention of fraudulently obtaining votes."  (FAC, ¶¶ 124.)

24  Barnett does not identify the allegedly false statements made by Bowen.  Moreover, the Secretary

25  of State's office investigated the impact of Dunn's omission of his Florida information in the

26  prior registration section of his voter registration form, and found no intentional misconduct.

27  (FAC, Exh. M.)  Barnett's fraud claim lacks any legal or factual merit.  For this reason, the Court

28  should dismiss this action.

16

1

**B.    Brown Did Not Breach Any Duty Owed to Barnett, Because, as Attorney General, He Had No Statutory Duty to Enforce Election Laws.**

2

3        In her Sixth Cause of Action, Barnett also alleges that Attorney General Brown breached

4    his fiduciary duties by not disqualifying Dunn as a candidate due to his incomplete voter

5    registration form.  (FAC, ¶¶ 81-83, 103.)  The Attorney General, however, has no duty to

6    intervene in an election law claim, unless the Secretary of State finds evidence of an election law

7    violation, and refers the matter to the Attorney General.  Cal. Gov. Code § 12172.5.  *See*

8    *Assembly v. Deukmejian* 30 Cal.3d 638, 650 (1982) (stating that the Secretary of State, not the

9    Attorney General, is "the official charged with ensuring proper application of the state's elections

10    laws").  Here, there was no evidence of any election law violation, so the Secretary of State had

11    no need to refer the matter to the Attorney General.  The Attorney General, therefore, had no duty

12    to investigate Barnett's claims against Dunn, and is therefore entitled to dismissal of this matter.

13    **VI.    THE COURT SHOULD DISMISS BARNETT'S SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT BECAUSE SHE HAS NOT ALLEGED FACTS SUPPORTING ANY OF HER UNDERLYING CLAIMS.**

14

15        "The elements of an unjust enrichment claim are the "receipt of a benefit and [the] unjust

16    retention of the benefit at the expense of another."  *Lectrodryer v. SeoulBank*, 77 Cal.App.4th

17    723, 726 (2000).

18        Barnett alleges that Defendants Bowen and Brown were unjustly enriched as a result of

19    their actions in allowing Dunn's candidacy to proceed.  (FAC, ¶¶ 136-37.)  It is at best unclear if

20    even Defendants Bowen and Brown can be liable for unjust enrichment when they did not enter

21    into any contract with Barnett.  And Barnett fails to state a claim for relief because she does not

22    allege any facts showing that Bowen or Brown unjustly retained any benefit as a result of their

23    actions.  As noted above, Bowen and Brown had no duty or reason to disqualify Dunn from the

24    Secretary of State race.  Moreover, Barnett fails to show how either Bowen or Brown benefitted

25    in this matter.  Barnett therefore does not state a claim that Bowen or Brown are unjustly enriched

26    by their actions.  For this reason, the Court should dismiss Barnett's Seventh Cause of Action.

27    / / /

28    / / /

17

## VII. THE COURT SHOULD DENY BARNETT ANY FURTHER LEAVE TO AMEND HER COMPLAINT BECAUSE SHE CANNOT STATE A CLAIM FOR RELIEF.

When a court dismisses a complaint pursuant to Rule 12(b)(6), denial of leave to amend "is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

Here, the Court should dismiss this case without granting Barnett any further leave to amend her complaint. Barnett has already exercised her right to amend her complaint once, after defendants filed their initial demurrer in state court. (Req. for Judicial Notice, Exh. 5, 6.) (CR 1.) But, in both filed complaints, Barnett has failed to allege any claim for relief. Her allegations are based on misinterpretations of California's and Florida's law. Moreover, Barnett has failed to provide any facts supporting her claims. To the contrary, all available facts show that: (1) Dunn is eligible to run as the Republican candidate for Secretary of State; (2) Secretary of State Bowen investigated and confirmed Dunn's eligibility (FAC, Exh. L, M); and (3) Attorney General Brown has no duty to investigate Dunn's eligibility, because there is no evidence showing he violated any state election laws. None of Barnett's allegations show liability among any of the Defendants. Moreover, Barnett has failed in repeated attempts to state a claim for relief. For these reasons, the Court should deny leave to amend.

## CONCLUSION

The only basis for the Court's jurisdiction in this case is the presence of the EAC as a Defendant. Therefore, if the Court dismisses the EAC, it has the discretion to remand the entire case back to state court. If, however, the Court chooses to retain jurisdiction, Defendants Brown and Bowen are entitled to dismissal because Barnett's claims are barred under the Eleventh Amendment. Moreover, the complaint calls for untimely relief and fails to state a claim. Barnett's late request for relief—which includes removal of Dunn, Bowen, and Brown from the November 2010 ballot—would interfere with the ongoing election process. And the complaint and judicially noticed documents fail to show that Dunn violated any election laws in declaring his candidacy for Secretary of State, or that Secretary of State Bowen breached any of her duties in certifying his candidacy. Barnett's complaint also fails to allege that Attorney General Brown

18

1  had any duty to intervene in Dunn's declaration for candidacy.  For these reasons, Defendants

2  Bowen and Brown request that the Court grant this motion to dismiss without leave to amend.

3  Dated:  August 24, 2010                          Respectfully Submitted,

4                                                   EDMUND G. BROWN JR.
                                                    Attorney General of California
5                                                   STEPHEN P. ACQUISTO
                                                    Supervising Deputy Attorney General
6

7                                                   */s/ Anthony P. O'Brien*

8                                                   ANTHONY P. O'BRIEN
                                                    Deputy Attorney General
9                                                   *Attorneys for Defendants Edmund G.*
                                                    *Brown Jr., California Attorney General,*
10                                                  *and Debra Bowen, California Secretary of*
                                                    *State*
     SA2010101350
11   10573480.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        19