1  BENJAMIN B. WAGNER
   United States Attorney
2  YOSHINORI H. T. HIMEL #66194
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone:  (916) 554-2760

5  Attorneys for Federal Defendant, the U.S. ELECTION ASSISTANCE COMMISSION

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9                EASTERN DISTRICT OF CALIFORNIA

10

| 11 | PAMELA BARNETT, | No. 2:10-cv-2216 FCD DAD |
| 12 | Plaintiff, | **FEDERAL DEFENDANT'S MOTION TO DISMISS; POINTS AND AUTHORITIES** |
| 13 | v. | |
| 14 | DAMON JERRELL DUNN, etc., et al., | Date:    November 12, 2010<br>Time:    10:00 a.m.<br>Ctrm:    27, 8th Fl. (DAD) |
| 15 | | |
| 16 | Defendants. | |

17

18                          NOTICE

19  TO THIS HONORABLE COURT AND THE PARTIES' COUNSEL OF RECORD:

20          PLEASE TAKE NOTICE that on November 12, 2010 at 10:00 a.m., or as soon as

21  this matter may be heard in the Courtroom of The Honorable Dale A. Drozd, United

22  States Magistrate Judge, at the United States Courthouse, 501 I Street, Sacramento,

23  California, the United States Election Assistance Commission will bring to hearing the

24  motion set forth below, based on the specified materials and arguments.

25

26                          MOTION

27          The United States Election Assistance Commission, federal defendant, through its

28  undersigned counsel of record, under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), hereby moves

FEDERAL DEFENDANT'S MOTION TO DISMISS; POINTS AND AUTHORITIES                          Page 1

1  for an Order dismissing it from the action and, if appropriate, remanding the action to the

2  Superior Court, Sacramento County.  This motion is based on the First Amended

3  Complaint filed in the Superior Court on July 12, 2010; the other pleadings and papers

4  filed in this case; the Points and Authorities in support hereof; and such written and oral

5  arguments as may hereinafter be made by the parties.

6

7                                   POINTS AND AUTHORITIES

8          This Court lacks subject matter jurisdiction of federal defendant because the

9  plaintiff cannot show an applicable waiver of federal sovereign immunity for suit against

10  federal defendant in state court.  Should the merits be reached, the complaint fails to

11  allege any unlawful acts (or any acts at all) by federal defendant and therefore it fails to

12  state a claim upon which relief can be granted.

13

14                                      STATEMENT OF FACTS

15          The plaintiff, Pamela Barnett, sued a number of nonfederal parties in the Superior

16  Court, Sacramento County.  She also sued the United States Election Assistance

17  Commission (USEAC), an independent federal agency established by the Help America

18  Vote Act, 42 U.S.C. § 15301 *et seq.*  First Amended Complaint filed July 12, 2010,

19  attached to removal notice (Amd. Compl.).[1]

20          The complaint mentions the USEAC in its caption and as follows:

21          (1)  The "Parties" section contains an allegation "That Defendant Bowen is a

22  statutory member of the United States Election Assistance Commission by the Help

23  America to Vote Act of 2002 (HAVA)."  Amd. Compl. ¶ 5.

24

25

26  _____

27      [1] A recent filing, entitled "Plaintiff Pamela Barnett Declaration in Response the [sic] EAC Notice of Removal with 28 USC §1442(a)1," Clerk's Record (CR) 8, says that USEAC executive director Thomas Wilkey is a party.  The caption fails to name Mr.

28  Wilkey.

FEDERAL DEFENDANT'S MOTION TO DISMISS; POINTS AND AUTHORITIES                    Page 2

(2)  The "Parties" section also contains an opaque non-sentence allegation that "Defendant The United States ELECTION ASSISTANCE COMMISSION ('EAC'), Address United States Election Assistance Commission with THOMAS R. WILKEY as the EAC Executive Director located at 1225 New York Avenue N.W., Suite - 1100 Washington, DC 20005 Telephone (202) 566-3100 Toll Free (866) 747-1471 Fax (202) 566-3127 E-mail Address HAVAinfo@eac.gov; and that the EAC along with those participating States that maintain a voter registration list within the National Voter Registration Act of 1993 and HAVA within the Voting Rights Act of 1965 as amended thereafter (VRA) and that is incorporated into each participating State statutes by 2004 that shall create, maintain and safeguard a centralized a national voter registration list database within each State accessible to each State member of the EAC."  Amd. Compl. ¶ 10.

(3)  A section headed "SECOND CAUSE OF ACTION Defendants Dunn / Kelley / Bowen Spoliation and Attempted Spoliation of Evidence" contains an allegation "That Defendant Kelley along with those similarly situated in control of the Voter Registration data base including Defendant Bowen as a member of the EAC charged with such responsibility, were Mr. Dunn's egregious commissions available to the California affiliated Republican Party members and his Endorsers before the June 8, 2010 vote many would have not endorsed or voted for him or contributed funds to the campaign and such State actions represent an outrageous spoliation and interference with Plaintiff and those similariy situated as affiliated members of the California Republican Party."  Amd. Compl. ¶ 61.

(4)  A section headed "FOURTH CAUSE OF ACTION Defendants Bowen, Kelley, Dunn, Brown Act Contrary to Public Policy/Interest" contains an allegation "That Defendants Bowen as a member of the EAC with responsibilities and duties under HAVA to create, maintain and safeguard the 'National' Voter registration database in Florida, Texas, Arizona as well as California that is centralized by the EAC for each State's database which is available to Defendant Kelley along with those officials similarly

situated under California Code (that has incorporated both the NVRA, HAVA and VRA) have failed in their ministerial duties. Defendant Brown was noticed with Dunn's attempt to conceal his California voter registration fraud (Exhibit C ), and instead of starting a criminal investigation of Defendant Dunn he ignored the fraud and then misinterprets California Election Law with a Judicial Notice filed with the court." Amd. Compl. ¶ 81.

The complaint asserts nine prayers for relief. Amd. Compl. at 36-37. Prayers 1 and 4-6 seek court orders barring various candidates from California balloting. Prayer 2 seeks "an order to investigate forensic evidence of document fraud and spoliation." Prayer 3 seeks the "birther" remedy of retraction of California's electoral votes for President Obama. Prayer 7 seeks "punitive civil damages for fraud, oppression, and malice, and pain and suffering from the extreme stress brought to bear by the tyrannical actions of the California state SOS and DOJ." Prayers 8 and 9 seek costs and unspecified further relief.

ARGUMENT

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION FOR SUIT AGAINST THE FEDERAL DEFENDANT

A federal court's subject matter jurisdiction on removal generally is no greater than that of the state court from which the action was removed. "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota v. United States*, 305 U.S. 382, 389 (1939). There is only one exception to this doctrine of derivative jurisdiction: actions removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f). This action was removed under 28 U.S.C. § 1442(a)(1), not § 1441. Thus, if the state court lacked subject matter jurisdiction, this Court also lacks subject matter jurisdiction.

Sovereign immunity jurisdictionally bars any claim against the USEAC. "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain

the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  Because of federal sovereign immunity, no suit can be maintained against the United States in a particular court unless Congress has explicitly waived federal sovereign immunity for that suit in that court.  *Id.*; *Minnesota v. United States*, 305 U.S. at 388 (reasoning that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought," and holding the United States immune from a condemnation suit in a state court).

Plaintiff cannot meet her burden to show an applicable waiver of federal sovereign immunity for actions against a federal agency in state court.  "The doctrine of sovereign immunity prohibits any sort of judicial action against the United States in the absence of its consent, a consent usually manifested by legislation." *Civiletti v. Municipal Court*, 116 Cal. App. 3d 105, 110 (1981).  In particular, this cannot be characterized as a state-court action involving a federal government lien under 28 U.S.C. § 2410, or as a state-court streamwide water rights adjudication under 42 U.S.C. § 666(a).  Because no sovereign immunity waiver allows a state court to entertain this action against the federal government, this Court on removal lacks subject matter jurisdiction for suit against the USEAC.

Because there is no applicable waiver of the federal government's sovereign immunity for suit in state courts, this Court lacks subject matter jurisdiction.  The action as against the USEAC must accordingly be dismissed for lack of subject matter jurisdiction.

## II.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE USEAC

Besides showing subject matter jurisdiction, a federal-court plaintiff must make a short and plain statement of the claim showing that she is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Far from making a showing of that quality, the state-court First Amended Complaint affirmatively shows that the plaintiff lacks any claim against the USEAC.

The complaint alleges that the USEAC maintains a voter registration database for California.  Amd. Compl. ¶¶ 10, 61.  It alleges that the USEAC has California Secretary of State Bowen as an *ex officio* member.  Amd. Compl. ¶¶ 5, 61, 81.  The complaint makes nine prayers for relief, none of which runs against the USEAC.  Damages, in particular, are prayed against the California Secretary of State and the California Department of Justice only.  Amd. Compl. at 36-37.

By contrast, and by way of example, the Second Cause of Action accuses certain other defendants of spoliation of evidence, a tort; and the complaint's prayers include tort-type damages against two nonfederal defendants.  Amd. Compl. at 12 and 36-37.  But as against the USEAC the complaint makes no tort allegations, nor does it seek tort damages or any other tort remedy against the USEAC.

With no allegation of wrongdoing by the USEAC and no prayer for relief against the USEAC, the complaint fails to assert anything at all against the USEAC.  Although the USEAC must be dismissed for lack of subject matter jurisdiction, should the merits be reached the claim against the USEAC also would be dismissable because the complaint fails to state a claim upon which relief can be granted.

CONCLUSION

The complaint shows that subject matter jurisdiction to sue the USEAC is lacking.  Therefore the action must be dismissed as against the USEAC.

Because the presence of a federal defendant constitutes the sole basis for subject matter jurisdiction on this removal under 28 U.S.C. § 1442(a)(1), subject matter jurisdiction will be lacking after the USEAC is dismissed.  The USEAC accordingly suggests that the action then be remanded to state court.

Dated:  August 27, 2010

BENJAMIN B. WAGNER
United States Attorney

By:   */s/ Y Himel*
YOSHINORI H. T. HIMEL
Assistant U. S. Attorney

1

2                  **CERTIFICATE OF SERVICE BY MAIL**

3          The undersigned hereby certifies that she is an employee in the Office of the
United States Attorney for the Eastern District of California and is a person of such age
4 and discretion to be competent to serve papers.

5          That on **August 27, 2010**, she served a copy of:

6                  **FEDERAL DEFENDANT'S MOTION TO**
                   **DISMISS; POINTS AND AUTHORITIES**
7
by placing said copy in an envelope addressed to the persons hereinafter named, at the
8 places and addresses shown below, which are the last known addresses, and mailing said
envelope and contents in the U.S. Mail in Sacramento, California.
9
Addressees:
10
Ms. Pamela Barnett                          Nicholas S. Chrisos, County Counsel
11 2541 Warrego Way                         Wendy J. Phillips, Senior Deputy
Sacramento, CA 95826                       333 W. Santa Ana Blvd, Ste. 407
12                                          P.O. Box 1379
                                            Santa Ana, CA 93702-1379
13

14

15                                          */s/ Pamela Beauvais*
                                            PAMELA BEAUVAIS
16

17

18

19

20

21

22

23

24

25

26

27

28