

1  Pamela Barnett, Pro se Plaintiff
2  2541 Warrego Way
3  Sacramento, CA, 95826
4  Telephone: (415)846-7170
5  Pb_realestate@yahoo.com

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

----------------------------------------x
PAMELA BARNETT,
              Plaintiff,      Civil CASE: 10-cv-02216-FCD-DAD
v.

DAMON JERRELL DUNN, etc., et al.,

              Defendants.
----------------------------------------x

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO
----------------------------------------x
Pamela Barnett                )  Case No. 34-2010-00077415
              Plaintiff,  )
      v.                       )
Damon Jerrell Dunn et al.     )
              Defendants  )
----------------------------------------x

**PLAINTIFF MEMORANDUM OF LAW IN SUPPORT OF NOTICE OF CROSS MOTION**

**FOR A THREE JUDGE PANEL WITH 42 USC §1973C AND 28 USC §2284**

I am Pamela Barnett in esse self represented without being an attorney. That with my own declaration with two exhibits signed September 6, 2010 is in support of plaintiffs notice of cross motion for a three judge panel with 42 USC §1973C in compliance with 28 USC §2284, and for an expedited hearing as time is of the essence with imminent irreparable harm before the ballots are printed for the November 2, 2010 General Election; and that Plaintiff is in opposition to the U.S. Election Assistance Commission

1  and its director Thomas Wilkey (EAC) motion to dismiss as to it represented by
2  Assistant U.S. Attorney Yoshinori H. T. Himel of the United States Attorney's Office in
3  Sacramento filed on August 27, 2010 for a post General Election hearing November 12,
4  2010 and the California Attorney General Motion filed August 24, 2100 for a post
5  General Election hearing November 10, 2010, and response will be made separately.
6  That Plaintiff requests a three judge panel with 42 USC §1973C in compliance
7  with 28 USC §2284 for an expedited hearing before the ballots are printed for the
8  November 2, 2010 General Election absentee ballots as time is of the essence with
9  imminent irreparable harm complained of in the underlying First Amended Complaint
10  filed on July 12, 2010 in the State Court (see Declaration <u>Exhibit 1</u>).
11  Plaintiff has standing herein with 42 USC §1973GG-9: Civil enforcement and
12  private right of action and as related State law similarly adopted, in which Plaintiff's
13  complaint is against Defendant Dunn's interstate fraud with use of a Florida driver's
14  license obtained with motor voter registration provisions while domiciled in Florida for
15  continual use in California alleged until February 2010, when Mr. Dunn is alleged to
16  obtain a California Drivers license a year after proffering California voter registration in
17  Orange County on or about March 13, 2009 in the matter of irreparable harm to Plaintiff,
18  a Republican Party Member along with those similarly situated; that construction with
19  other laws National Voter Registration Act (NVRA) imposed detailed mandates on
20  states, implementation of NVRA is not purely ministerial and still leaves room for policy
21  choice and discretionary changes, which call for federal preclearance pursuant to Voting
22  Rights Act (VRA). *Young v. Fordyce*, .S.Miss.1997, 117 S.Ct. 1228. 520 U.S. 273, 146
23  xxx Fed. 791, 137 L.Ed.2d 448; and that any law and or administrative code procedure
24  dealing with voter registration as with the Voting Rights Act (VRA) that has not been

1  presented for use by pre-clearance under section 5 to the US DOJ is null and void and
2  not to be used. That according to the history of California Administrative Code (CAC)
3  Section §19050.6 was filed August 18, 1978 and was not resubmitted for clearance after
4  enactment of 42 USC §1973-gg (NVRA) and Help America to Vote Act of 2002 (HAVA).

Use of CAC §19050.6 is Arbitrary change of rules without pre-clearance

6  As to the Arbitrary change of procedures as to the rebuttable presumption
7  reference as shown in Exhibit 1 Third Cause of Action paragraphs 72 through 79 that
8  with CEC §2154 as shown on Exhibit 1-A where the prior address of registration is
9  omitted and the affirmation date is intentionally erroneous as alleged at the First
10 Amended Complaint Sixth Cause of action paragraphs 111 through 120 show that
11 thereby require an affirmative action by the State that was not done and thereby is a
12 conflict with the California Administrative code §19050.6 filed August 18, 1978, the
13 Kelley Answer to 1st Amended Complaint - Page 12, line 14 references the title citation,
14 despite CA Election Code presumed to have been pre-cleared for Section 5 by the US
15 DOJ Voting Rights Section to the less restrictive change as to discretion within available
16 rebuttable presumptions for registration application review and follow-up action that
17 conflicts with the requirements of the NVRA as to rebuttable presumptions differing
18 between the California Election Code §2150 (a) 10 and (b). Injunctions, remedies and
19 relief if any voting change subject to Section 5 Voting Rights Act is not pre-cleared,
20 deem Plaintiff is entitled to injunction prohibiting implementation of the change. *Lopez v.*
21 *Monterey County*, Cal., U.S.Ct. 1996, 117 S.Ct 340, 519 U.S. 9, 136 L.Ed.2d 273.
22 Beside the fact that Mr. Dunn has been found by the State to have a non-
23 conforming voter registration as shown in the State letter in Exhibit 1-M, Plaintiff has
24 shown Mr. Dunn intended to spoliate records and conceal not only his prior registration

in Texas and Florida acted with intent to defraud and conceal records in California.

That the State Defendant's questionable administrative decision(s) to register Mr. Dunn under color of state and federal voter registration law as federal agents of the EAC is/are beyond the discretion afforded by law is done without section 5 pre-clearance with the US DOJ, and that without preclearance any action should only be a strict ministerial duty without rebuttable presumption discretion has become an arbitrary and capricious selective change in the registration rules as affirmative action without compelling State interest for Mr. Dunn's registration for ballot access at the June 8, 2010 Republican primary and General Election designed to injure Plaintiff and Republican Party members and serve the re-election of Democrat Defendant Bowen; that change in voting practice must be pre-cleared under section *5* with the Voting Rights Act does not mean that voting practice is subject to challenge in dilution suit under §2. (Per Justice Kennedy with one Justice concurring and three Justices concurring in judgment), *Holder v. Hall*, U.S.Ga.1994, 114 S.Ct. 2581, 512 U.S. 874, 129 L.Ed.2d 687, on remand 37 F.3d 1456.

The State's unilateral decision not to comply with requirements of preclearance did not stay operation of Section 5 of the Voting Rights Act, even if a state were waiting to complete §2 case before it complied with Attorney General's request for further information regarding certain changes which had not been granted preclearance. *Brooks v. State Bd. of Elections.* S.D.Ga.1989, 775 F.Supp. 1470, affirmed 111 S.Ct. 288, 498 U.S. 916. 112 L.Ed.2d 243, reconsideration granted in part 775 F.Supp. 1490; and requires as a bright line test hurdle for further hearing that a three-judge court has limited role in resolving a dispute as to whether county implemented any standard of practice different from that in place as of effective date of Voting Rights Act NVRA and HAVA provisions, by failing to seek review and preclearance of proposed change from

1  United States Attorney General; court could consider only whether challenged action
2  was an event subject to preclearance and if so, whether action has been subjected to
3  required federal scrutiny. *Henderson v. Hanis*, M.D.Ma. 1992, 804 F.Supp. 288.
4      That with the exception to extent that Orange County and California would have
5  obtained declaratory judgment under this VRA subchapter that voter registration
6  qualifications are valid or they have been approved by Attorney General of United
7  States, registrar of voters and his agents would be enjoined from establishing
8  qualifications other than that applicant is citizen such as will have attained age of say 21
9  years prior to next election, that he has resided in state for one year and say a precinct
10 six months prior to next election, and that he is not disqualified by reason of conviction
11 of disqualifying crime. *U.S. v. Clement*, C.A.5 (La.) 1966, 358 F.2d 895; and where
12 Orange County conceded that changes in the voting standards, practices and
13 procedures were covered by the subchapter, that preclearance was required before
14 changes could become effective and that it had not obtained preclearance, that the
15 State was to be enjoined from holding primary or general elections until such time as
16 Attorney General had acted or declined to act on city's submission. *Herron v. Koch*, E &
17 SDNY 1981, 523 F.Supp. 167; and furthermore, Single-judge district court had no
18 jurisdiction to determine whether change in say a school board policy regarding,
19 personal leave constituted a standard, practice or procedure with respect to voting
20 within provisions of this section that, to be effective, new policy had to receive clearance
21 from Attorney General of United States or declaratory judgment from United States
22 District Court for District of Columbia upholding its racial neutrality. *Jordan v. Cagle*,
23 N.D.Miss. 1979, 474 F.Supp. 1198, 620 F.2d 298, rehearing denied 622 F.2d 1043.
24      The Voting Rights Act scope of three-judge court inquiry into change in voting

1 procedure is limited to whether or not it is covered by the Act but has not been subjected
2 to federal scrutiny. *U.S. v. Alabama State Bd. Of Education* 1996, 920 F.Supp. 1233.

3     That Administrative code continued use with changes, changed or alteration
4 within section, because both formal and informal changes in election practices are
5 required by section of Voting Rights Act requires state or political subdivisions to voting
6 pre-clearance prior to enacting new practices different from those of CAEC §2150,
7 §2153, §2154 by Cal. Admin. Code (CAC) tit. 2, §19050.6 filed August 18, 1978, even
8 as administrative effort to comply with statute that already received preclearance and
9 require separate preclearance. *Forst.. v Dallas County, Tex.* U.S.Tex.1989 S.Ct. 2357.
10 521 U.S. 979. 138 xx 972, on remand 990 F.Supp. 505.

11     The fact of the existence of the 1993 implementations of 42 USC §1973-gg and
12 HAVA 2002 changes are the entire basis for handling voter registration databases as is
13 related to each state maintaining the list, and mandates that CA Cal. Admin. Code tit. 2,
14 §19050.6 filed August 18, 1978 comply with the mandates of the interstate treatment of
15 voter registration to prevent vote fraud as well as mere duplications from state to state
16 abetting vote fraud as a breach of State defendant fiduciary duty willfully neglected
17 herein herein, that the 42 USC §1973-C Section covers attempts to change voting
18 practices as well as attempts to enact them. *Zimmer v McK,,,* C.A.5 (La) 1973, 485 F.2d
19 1297, certiorari granted 95 S.Ct. 2677. Even were CAC §19050.6 pre-cleared does not
20 remove the duties imposed by the lack of rebuttable presumption - duties are not done.

21     Spoliation / concealment of records that would be used in litigation
22     Beyond the lack of pre-clearance and ministerial duties not done, Mr. Dunn's
23 actions to spoliate conceal with intent to provide an erroneous affirmation for a public
24 record under color of state law combines with the state's aiding and abetting according

1  to ministerial duties at least, according to Plaintiff's evidence shown in the First
2  Amended Complaint referenced in paragraphs 111 through 120, provide clear and
3  convincing evidence indicating that the crime is proved as highly probable or reasonably
4  certain for CEC §18203 and §18500 sanction of Defendant Dunn as with 42 USC §1973
5  -I (c), 42 USC §1973- J , 42 USC §1973GG-10 and 42 USC §15544 for Criminal
6  penalties. Mr. Dunn must be barred from the ballot and or from holding public office.

7  That the EAC is a party to a declaratory judgment in so far as its agents in each
8  state responsible for conducting elections are responsible for Section 5 enactments
9  effecting voting; whereas the / United States is not party to declaratory judgment actions
10 brought under this section by private individuals to determine if new state enactments
11 pertaining to voting must be submitted in accordance with this section. *Allen v. State Bd.*
12 *of Elections,* U.S.Va.1969, 89 S.Ct. 8 17,393 U.S. 544, 22 L.Ed.2d 1; and this section
13 providing procedures preliminary to alteration of voting qualifications and procedures
14 does not abrogate jurisdictional barrier to judicial restraint of elections conducted by
15 those who were neither before court as party nor represented by litigants. *Charlton*
16 *County Bd. of Ed. v. U. S.*, D.C.D.C.1978, 459 F.Supp. 530.

17 That as to Defendants Dunn, Kelley, Bowen's spoliation / concealment of records
18 that would be used in litigation contrary to 42 USC §1973- I (d), the First Amended
19 Complaint Sixth Cause of Action paragraphs 101 through 135 allegations shown as
20 Exhibit 1 support Plaintiff's charge of spoliation and concealment that warrants a
21 declaratory judgment, injunction, stay and expedited discovery for a three judge panel
22 trial for a directed verdict with 42 USC §1973-J, §1973-N, and §15544 accordingly.
23
24

**Conspiracy to deny rights in furtherance of unjust enrichment**

As for Defendants Dunn, Kelley, Bowen and Brown with denial of honest services in the Conspiracy to deny rights under color of state and federal law, actions are in furtherance of unjust enrichment and personal aggrandizement under 42 USC §1973-J, §1973-N, §15544 and accordingly with 42 USC §1983, §1985(3) and §1986, the First Amended Complaint Seventh Cause of Action paragraphs 136 through 137 allegations shown as Exhibit 1, support Plaintiff's charge of Defendants' self aggrandizement using discrimination, singling out individuals or targeted group for unequal treatment under the law that with denial of substantive due process for Republican party member Plaintiff along with those similarly situated for the purpose is for unjust enrichment that warrants a declaratory judgment, injunction, stay and expedited discovery for a trial before the three judge panel for a directed verdict with 42 USC §1973-J, §1973-N, and §15544 accordingly.

That Plaintiff suffers irreparable harm with time as the essence because the ongoing challenge as before the Primary and now after the Primary is without a timely fair hearing in State Court as to the ballot status of Mr. Dunn that as a matter of law requires a hearing on the presentment of certain facts there denied, and with imminent irreparable harm were the Ballots to be printed to proceed to the General Election without Plaintiff's requested relief granted before that printing is done for the November 2, 2010 General Election for State and Federal Officers to proceed; and That the State is intent to print the ballot for the General Election with Damon Dunn on it, as expressed by the State's Demurrer of June 11, 2010 to the Complaint and the State and Orange County Demurrers of August 13, 2010 and August 12, 2010 respectively to the First Amended Complaint, and therein requested and have been granted a State Court

hearing on October 25, 2010 after the ballots have been printed and have outrageously even requested in their second demurrer request a state court November 10, 2010 hearing after the general election - Plaintiff emphasizes is an outrage!

    Despite the requirements of 42 USC §1973C: as to alteration of voting qualifications and procedures, State Defendants by arbitrary and capricious action under color of state law lessen the plenary effect of the VRA, NVRA, HAVA to prevent fraud, by the State or political subdivision action(s) requires a declaratory judgment on denial or abridgement of voting rights; Plaintiff is entitled to a three-judge district court with appeal to Supreme Court; as to §1973-I(c)(d): Prohibited acts , with breach of fiduciary duty as per 42 USC §1973-FF-1 State responsibilities; and with 42 USC §1973-gg that applies herein with any State that maintains and uses a voter registration data base; and whose State Officers are Federal agents; and

    That notwithstanding the issues of damage, that Plaintiff has standing with 42 USC §1973-GG-9: Civil enforcement and private right of action and as related State law similarly adopted to be here as in State Court if the Petition were granted in the matter of irreparable harm to Plaintiff along with those similarly situated with time as the essence is due to State action(s), as all State Defendants are Democrats including the Court Judge, who delay and deny substantive due process with intent to interfere with the First and Fifth amendment rights and liberty of Republicans in violation of 42 USC §1981, §1983, §1985(3) and §1986; and

    That Plaintiff is entitled expedited hearing for FRCP Rule 65 provisional and final relief with 28 USC §2201 and §2202 for Declaratory Judgment injunction and or stay as required against State Defendants who as Democrats including the Court Judge, have delayed and denied Plaintiff substantive due process and equal treatment under the law

with intent to interfere with the First and Fifth amendment rights and liberty of Republicans along with those similarly situated in violation of 42 USC §1981, §1983, §1985(3) and §1986 as time is of the essence with imminent irreparable harm were a hearing delayed further before the deadline for printing absentee ballots and ballots for the November 2, 2010 General Election.

Thereby State Defendants deny Plaintiff and those similarly situated equal protection of the law and substantive due process with a fair hearing by a three judge panel in time to correct the ballot, and for that reason alone Plaintiff desires the bifurcation of liability and damages with an expedited declaratory judgment on equity issues as to liability with the law and expedited jury trial on the facts as to liability under the law with the compounding damages severed and remanded back to State Court jury trial there.

That Plaintiff is entitled to all the relief requested as well as further and different relief the Court herein deems necessary for justice to be done herein to prevent further vote fraud in the State of California and of the several States including issuance of a preliminary injunction by this Court by an order to show cause for immediate hearing by the three judge panel once a single judge conforms with requirements of 28 USC §2284.

I do solemnly declare under penalty of perjury with 28 USC §1746 and the laws of the State of California this date September 8, 2010 in the County of Sacramento, that the facts and circumstances described above are true and correct to the best of my knowledge. Respectfully submitted by,

Pamela Barnett
2541 Warrego Way,
Sacramento, CA, 95826