IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA BARNETT,

    Plaintiff,                              No. CIV S-10-2216 KJM DAD PS

    v.

DAMON JERRELL DUNN, et al,

    Defendants.                       <u>FINDINGS AND RECOMMENDATIONS</u>

/

        This matter came before the court on October 25, 2010, for hearing of defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and plaintiff's motion for a three-judge panel. Plaintiff Pamela Barnett, proceeding pro se, appeared on her own behalf. Attorney Brian Hildreth appeared on behalf of defendant Damon Jerrell Dunn. Attorney Anthony O'Brien appeared on behalf of defendants Debra Bowen and Edmund G. Brown, Jr. Attorney Yoshinori Himel appeared on behalf of defendant United States Election Assistance Commission. Attorney James Harman appeared telephonically for defendant Neal Kelley. Oral argument was heard, and the parties' motions were taken under submission.

BACKGROUND

        Plaintiff originally commenced this action by filing a complaint in the Sacramento County Superior Court in 2010. Plaintiff filed a first amended complaint in the state court action

1

on July 12, 2010, naming as a defendant the U.S. Election Assistance Commission ("USEAC"). (Doc. No. 1 at 3.) On August 17, 2010, defendant USEAC removed the matter to this court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. No. 1.) A flurry of filings followed soon after.

On August 24, 2010, counsel for defendants Debra Bowen and Edmund G. Brown, Jr., filed a motion to dismiss. ("Bowen MTD" (Doc. No. 3.)) On August 27, 2010, counsel for defendant USEAC filed a motion to dismiss. ("USEAC MTD" (Doc. No. 9.)) On September 7, 2010, counsel for defendant Damon Jerrell Dunn joined in the motion to dismiss filed on behalf of defendants Bowen and Brown.[1] (Doc. No. 10.) The following day, plaintiff filed a motion to convene a three-judge panel. (Doc. No. 11.) Counsel for defendants Bowen and Brown filed an opposition to plaintiff's motion for a three-judge panel on October 7, 2010. (Doc. No. 18.) That same day, counsel for defendant Kelley joined in the motion to dismiss filed on behalf of defendants Bowen and Brown. (Doc. No. 21.) On October 8, 2010, counsel for defendant USEAC filed an opposition to plaintiff's motion for a three-judge panel. (Doc. No. 22.) That same day, plaintiff filed an opposition to the motions to dismiss filed on behalf of defendants Bowen, Brown and the USEAC. ("Opp'n." (Doc. No. 23.)) Counsel for defendants Bowen and Brown filed a reply on October 15, 2010. ("Bowen Reply" (Doc. No. 24.)) That same day, plaintiff filed a reply to defendants' opposition to her motion for a three-judge panel. (Doc. No. 25.)

## PLAINTIFF'S CLAIMS

In her complaint plaintiff alleges as follows. On March 13, 2009, defendant Damon Jerrell Dunn sought to be qualified to vote and be affiliated with the California Republican Party by filing a California Voter Registration Form. At that time, defendant Dunn did not have a valid drivers license issued by the State of California, but instead was licensed to drive in the State of Florida, thereby indicating that his place of domicile was not the State of

---

[1] Counsel for defendant Dunn filed an amended joinder on October 20, 2010. (Doc. No. 27.)

2

California and that it would be a violation of the California Election Code for him to register to vote in California as a member of the Republican Party.  Based on a public records check, defendant Dunn may also have previously registered to vote in Florida, Texas and Arizona.  Defendant Dunn omitted this information from his California Voter Registration Form.  Moreover, defendant Dunn's California Voter Registration Form was erroneously dated March 15, 1976.  As a result of these discrepancies, defendant Dunn's California Voter Registration Form was invalid, he was not a qualified voter and could not be affiliated with the California Republican Party.

On July 10, 2009, defendant Dunn contacted the Florida Director of Voter Administration and requested that his voter registration records be destroyed.  That request was refused.  Those records indicate that defendant Dunn had registered to vote in Florida as a member of the Democratic Party.

On November 5, 2009, defendant Dunn filed his Candidate Intention Statement indicating his candidacy for the California Republican Party nomination for Secretary of the State of California in the June 8, 2010 California primary election.  On March 9, 2010 defendant Kelley of the Orange County Registrar of Voters certified defendant Dunn's California Voter Registration Form.  Despite the fact that defendant Dunn's candidacy was invalid, defendant Kelley, and defendant Bowen, the Secretary of the State of California and a member of the U.S. Election Assistance Commission, allowed defendant Dunn to participate as a candidate in California's June 8, 2010 primary election.

Plaintiff further alleges that defendant Bowen and defendant Brown, the latter then serving as the California Attorney General, previously violated California law, and the public trust, with respect to prior acts of voting fraud.  In this regard, plaintiff alleges that in 2008 she requested an investigation into whether then candidate for the office of President of the United States, Barack Obama, was a natural born citizen.  Plaintiff therein alleged that President Obama's "birth document" contained "fraudulent elements."  Nevertheless, defendants Bowen

and Brown refused to investigate plaintiff's allegations.

Based on these factual allegations, plaintiff raises claims for breach of duty, unjust enrichment, multiple violations of the California Election Code, the National Voter Registration Act ("NVRA") of 1993, 42 U.S.C. § 1973gg, et seq. and the Help America to Vote Act ("HAVA"), 42 U.S.C. § 15301, et seq. of 2002.  Through her amended complaint plaintiff seeks an order:  (1) requiring that defendant Dunn be removed from the November 2010 General Election Ballot; (2) requiring an investigation of document fraud and spoliation; (3) requiring that the qualifications of Barack Obama for the Office of President under the United States Constitution be vetted; (4) barring defendant Dunn from the California General Election; (5) barring defendant Bowen from appearing in California elections for life; (6) barring defendant Brown from appearing in California elections for life; and (7) for punitive civil damages, costs and further relief such as the court deems just and proper.  (Notice of Removal, ("Am. Compl." Doc. No. 1), at 1-44.)[2]

## ARGUMENTS OF THE PARTIES

Defendant USEAC seeks dismissal of plaintiff's first amended complaint in this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this court lacks jurisdiction over the subject matter of this suit and that plaintiff has failed to state a cognizable claim upon which relief can be granted.  Specifically, defendant USEAC argues that sovereign immunity jurisdictionally bars any claim against the USEAC.  Moreover, counsel for defendant USEAC argues that plaintiff's first amended complaint lacks any cognizable claim against the USEAC and thus fails to state a claim upon which relief can be granted.  (USEAC MTD (Doc. No. 9) at 4-6.)

In a similar regard, defendants Brown and Bowen seek dismissal of plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1  plaintiff has failed to state a cognizable claim upon which relief can be granted.  Counsel for
2  defendants Brown and Bowen also argues that if defendant USEAC is dismissed that this matter
3  should then be remanded to state court, and that sovereign immunity bars plaintiff's requested
4  relief against defendants Bowen and Brown.[3]  (Bowen MTD (Doc. No. 3) at 12-24.)  As noted,
5  defendants Kelley and Dunn have joined in the motion to dismiss filed on behalf of defendants
6  Bowen and Brown.  (Doc. Nos. 21, 27.)

7           In a lengthy consolidated opposition to both motions to dismiss, plaintiff argues
8  that defendant USEAC's "presence in this suit is NOT the only basis for federal jurisdiction" and
9  that "if the Court decides to dismiss EAC, it then has to dispose of the VRA matter . . . ."
10 (Opp'n. (Doc. No. 23) at 9.)  Plaintiff further addresses each of defendants' arguments, rejecting
11 them and reasserting her claims for relief.  (Id. at 1-46.)

12          Defendants Bowen and Brown filed a reply to plaintiff's opposition, arguing that
13 rather than rebutting their arguments, plaintiff's opposition merely "includes only conclusory
14 allegations."  (Bowen Reply (Doc. No. 24) at 2-3.)

15              LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

16          Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense,
17 by motion, that the court lacks jurisdiction over the subject matter of an entire action or of
18 specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction
19 may either attack the allegations of the complaint or may be made as a 'speaking motion'
20 attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v. Gen. Tel.
21 & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

22          When a party brings a facial attack to subject matter jurisdiction, that party
23 contends that the allegations of jurisdiction contained in the complaint are insufficient on their
24 face to demonstrate the existence of jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d

---

[3] Counsel for defendants Bowen and Brown also argues that plaintiff's requested relief would substantially interfere with the 2010 election.

5

1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack.  Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations.  Thornhill Publ'g Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist.  Thornhill Publ'g Co., 594 F.2d at 733.

The purpose of a motion to dismiss brought pursuant to Rule 12(b) (6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

The United States cannot be sued without the consent of Congress.  Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009).  Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity.  Loeffler v. Frank, 486 U.S. 549, 554 (1988); Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979).  Put another way, no court can award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute.  United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  See also Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).  Absent a waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  If

1 conditions are attached to legislation that waives the sovereign immunity of the United States, the
2 conditions must be strictly observed by the courts, and exceptions are not to be readily implied.
3 Block, 461 U.S. at 287; see also Consejo de Desarrollo Economico de Mexicali, A.C., 482 F.3d
4 at 1173 ("When the United States consents to be sued, the terms of its waiver of sovereign
5 immunity define the extent of the court's jurisdiction."); Cato, 70 F.3d at 1107 (same).

Here, plaintiff has opposed defendant USEAC's motion to dismiss pursuant to 12(b)(1), arguing that the "State Defendants" acted as "Federal agents of the EAC." (Opp'n. (Doc. No. 23) at 27.) In support of this contention plaintiff cites a litany of possible ways in which election laws may be violated, including violations of the NVRA, HAVA, and 18 U.S.C. §§ 241, 242, 595, 911, 1341 and 1346, as well as 42 U.S.C. § 1973i(c), each of which according to plaintiff provides a possible "basis for federal prosecution." (Id. at 34-43.) Plaintiff also argues that because the U.S. Department of Justice has the authority over many of these violations of law, the "federal government [thereby] asserts jurisdiction over an election offense." (Id. at 29.) Plaintiff apparently attempts to clarify her argument in this regard in her reply to defendants Bowen and Brown's opposition to plaintiff's motion for a three-judge panel, stating:

> That plaintiff as a matter of judicial notice sued the EAC in State court because it has a ministerial duty backed up by the US DOJ in statute to oversee State Actions including those practices and procedures as to voter registration voting per se that would impact covered districts, and that the EAC would have been treated the same in state court as in Federal in this manner; and that Plaintiff was thrust into Federal Court by the EAC...

(Pl.'s Reply to Defs.' Opp. to Motion For a 3-Judge Panel (Doc. No. 25) at 6-7.)

Despite the length of her opposition, plaintiff has failed to address the critical issue of sovereign immunity presented by defendant USEAC's pending motion to dismiss.[4]

---

[4] Were defendant USEAC's motion to dismiss pursuant to Rule 12(b)(1) denied, plaintiff's allegations with respect to the statutory basis "for federal prosecution" would be disregarded in considering defendants' motion brought pursuant to Rule 12(b)(6) because those allegations were raised for the first time in her opposition. "The focus of any Rule 12(b)(6) dismissal . . . is the complaint. This precludes the consideration of new allegations that may be

Moreover, the allegations found in plaintiff's opposition to the pending motion are flawed in several respects. First, while the NVRA authorizes a private right of action if a state fails to comply with the terms of the NVRA, only declaratory or injunctive relief is available. 42 U.S.C. § 1973gg(b); Harkless v. Brunner, 545 F.3d 445, 450 (6th Cir. 2008). Second, HAVA does not itself create a private right of action. Sandusky County Democratic Party v. Blackwell, 387 F.3d 565, 572 (6th Cir. 2004); Taylor v. Onorato, 428 F. Supp.2d 384, 386 (W.D. Pa. 2006); Florida Democratic Party v. Hood, 342 F. Supp.2d 1073, 1077 (N.D. Fla. 2004). Third, 18 U.S.C. §§ 241, 242, 595, 911, 1341 and 1346 are federal criminal statues and it is well settled that federal crimes are prosecuted by the Attorney General of the United States through the U.S. Department of Justice, not by private plaintiffs. Connecticut Action Now, Inc. V. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972); Bryan v. Defense Technology, CIV S-10-2241 KJM GGH, 2011 WL 590902, *4 (E.D. Cal. 2011); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); People v. State of N.Y. v. Muka, 440 F. Supp. 33, 36 (N.D. N.Y. 1977) (the United States Attorney "possesses an absolute and unreviewable discretion as to what [federal] crimes to prosecute").

Here, plaintiff has failed to address defendant USEAC's assertion that sovereign immunity jurisdictionally bars any claim against it. Plaintiff has failed to establish that Congress has acted to explicitly revoked the USEAC sovereign immunity. As noted above, it is plaintiff's burden to prove that jurisdiction exists. Thornhill Publ'g Co., 594 F.2d at 733. Here, plaintiff has not met that burden. Accordingly, defendant USEAC's motion to dismiss for lack of subject matter jurisdiction should be granted.[5]

---

raised in plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6)." Lopez v. Wachovia Mortgage, No.2:09-CV-01510-JAM-DAD, 2009 WL 3365864,*2 (E.D. Cal. 2009).

[5] In light of this recommendation the court need not address defendant USEAC's arguments that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may amend her complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of leave to amend."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  Granting plaintiff leave to amend would clearly be futile in this instance given this Court's lack of subject matter jurisdiction over this action.  Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

## CONCLUSION

For the reasons set forth above, the court will recommend that defendant USEAC's motion to dismiss for lack of subject matter jurisdiction be granted.  As a result, the lone federal defendant will have been dismissed from this action, leaving only state law claims and state defendants remaining.  A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).  The court will also recommend that the assigned district judge decline to exercise supplemental jurisdiction over plaintiff's state law claims.[6]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant USEAC's August 27, 2010 motion to dismiss (Doc. No. 9) be granted;

/////

---

[6] In light of this recommendation the court will also not address defendants Bowen and Brown's August 24, 2010 motion to dismiss.  (Doc. No. 3.)

2. Plaintiff's July 12, 2010 amended complaint (Doc. No. 1) be dismissed without leave to amend;

3. Defendants Bowen and Brown's August 24, 2010 motion to dismiss (Doc. No. 3) be denied as moot;

4. Plaintiff's September 8, 2010 motion for a three-judge panel (Doc. No. 11) be denied as moot;

5. This matter be remanded to the Sacramento County Superior Court; and

6. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
orders.pro se/barnett2216.MTD

11