

```
1  Pamela Barnett, Pro se Plaintiff
2  1215 22nd St., Apt. B
3  Sacramento, CA, 95826
4  Telephone: (415)846-7170
5  Pb_realestate@yahoo.com
```

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

------------------------------x
PAMELA BARNETT,
          Plaintiff,      Civil CASE: 10-cv-02216-FCD-DAD
v.                                             (KJM)

DAMON JERRELL DUNN, et al.,

          Defendants.
------------------------------x

=

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS/ REQUEST FOR SANCTIONS OF U.S. DOJ AND THE EAC**

I, Pamela Barnett, declare under penalty of perjury, pursuant to 28 U.S.C. §1746:

1. Declarant / Plaintiff in esse is pro se herein without being an attorney.

2. Regarding Magistrate Drozd's recommendation (2) Plaintiff's July 12, 2010 amended complaint (Doc. No. 1) be dismissed without leave to amend, Plaintiff needs to clarify that the Magistrate is only recommending dismissal of the Plaintiff's amended complaint in federal court and not in Sacramento County Superior Court as to do so would be beyond the judge's jurisdiction.

3. As Magistrate Drozd pointed out in his recommendations, the U.S. DOJ attorneys argued that Plaintiff "lacks any cognizable claim against the USEAC". If this was what the DOJ attorneys believed, then why did they remove Plaintiff's case to federal court? If Judge agrees with Magistrate Drozd's opinion when he referred

1  to the federal court's "lack of subject matter jurisdiction over this action", I request
2  that sanctions be placed on the U.S. DOJ attorneys and the EAC for removing my
3  case frivolously to federal court even though Plaintiff had no claim against the
4  EAC. After removing the case to federal court, the EAC and the U. S. DOJ
5  attorneys then filed a motion to dismiss immediately. This was an abuse of
6  federal executive branch power and Plaintiff charges that the EAC and the US
7  DOJ acted politically and in bad faith in not protecting the voting rights of all
8  citizens able to vote by intentionally delaying Plaintiff' case to protect the EAC's
9  failure to do their job of voter registration oversight in California. The EAC was
10 properly noticed by Plaintiff by law, and they should have joined Plaintiff against
11 the CA SOS and Orange County Registrar for allowing and not prosecuting voter
12 registration fraud; the EAC instead chose to allow the continuance of voter fraud
13 within California by trying to destroy Plaintiff's case with their abuse of power
14 against Plaintiff. The EAC/DOJ should have just done a simple stipulation to be
15 removed from the case instead having Plaintiff's due process rights delayed for
16 over 6 months on an important voter right's issue. This is outrageous, and a clear
17 attack on Plaintiff's Constitutional rights.
18  4. Plaintiff has recently discovered other negligent actions by the EAC regarding
19 voter registration databases. If Plaintiff was allowed to amend her case, it is
20 possible that the judge would have the opinion that at an action specifically
21 against the EAC would be allowed and merited in federal court. Plaintiff agrees
22 with Magistrate that the case centered on the first amended complaint should be
23 remanded back to state court as Plaintiff has opportunity for relief there.

1   5. Plaintiff does solemnly declare under penalty of perjury with 28 USC §1746 and
2   the laws of the State of California this date April 7, 2011 in the County of
3   Sacramento, that the facts and circumstances described above are true and
4   correct to the best of my knowledge.

5   ,

         *[signature]*
         Pamela Barnett
         Sacramento, CA, 95816