Pamela Barnett, Pro se Plaintiff
1215 22nd St.
Sacramento, CA, 95816
Pb_realestate@yahoo.com



FILED
SEP 15 2011
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

-------------------------------x

PAMELA BARNETT,

           **Plaintiff,**

           Civil CASE: 10-cv-02216-KJM-DAD

v.

DAMON JERRELL DUNN, et al.,

           **Defendants.**

-------------------------------x

## PLAINTIFF'S DECLARATION IN SUPPORT OF THE
## NOTICE OF MOTION FOR RECONSIDERATION

I, Pamela Barnett, declare under penalty of perjury, pursuant to 28 U.S.C. §1746:

Declarant / Plaintiff in esse is pro se herein without being an attorney. Plaintiff makes the following declaration in support of Plaintiff's notice of motion for reconsideration of the Judge's decision/order of September 5, 2011 (Exhibit 1) that adopts the Magistrate's findings of March 23, 2010.

1. Plaintiff challenges both the Judge's jurisdiction and authority to review this case in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, as it had no authority to conduct a *de novo* review of this case as the matter was pre-mature to be before the court because according to HAVA law. My administrative complaint could only to be heard by the EAC and DOJ first under

1  HAVA administrative review provisions, which EAC has not done; and even then
2  only once an EAC administrative finding had been issued would further due
3  process concerning the administrative decision be heard by a District Judge IF
4  the plaintiff would decide to carry such decision forward and only then. Without
5  any EAC administrative decision on Plaintiff's administrative notice of the
6  complaint to EAC is still pending their review. They (EAC / DOJ) may not remove
7  my lawful complaint from state authority, as EAC / DOJ are ultra vires in such
8  removal action and must be regarded as against good public policy. The
9  EAC/DOJ has acted against Plaintiff's public right to participation in my judicial
10 action in California with a slap suit type action that has violated inter alia my 10th
11 amendment right.
12    2.    Under HAVA, the EAC was properly notified of the State Court action, as a
13 matter in which EAC is solely a real party in interest under the law, as their employee
14 Deborah Bowen has a dual role under HAVA. That EAC is required to know that Ms.
15 Bowen has failed to perform her fiduciary duty described in California Election Code
16 under the original jurisdiction of the State Judiciary, and that such Election Code
17 adoption by the California Legislature in compliance with HAVA (as it maintains a voter
18 database) in effect also requires notification of EAC with an administrative notice which I
19 properly did. That the State Legislature adoption of HAVA requires an administrative
20 process for EAC and the SOS so that a complainant must give due notice to any real
21 party in interest. The EAC is the ultimate overseer of any conduct under HAVA
22 requirements; and notwithstanding that Defendant Bowen is primarily an elected State
23 officer first, the EAC is a real party in interest despite the fact that the State Judiciary as
24 a matter of judicial notice has no jurisdiction or authority over the EAC real parties in

1  interest. As such, and more importantly, the Plaintiff does not seek any relief as to the
2  EAC in the State Complaint other than the requirement of due notice under HAVA and
3  California Election Code.
4    3.   Therefore, due process notice is a requirement of any State Plaintiff under
5  law to be made upon a real party in interest whether relief is available or not.
6    4.   The nature of the vexatious bad faith removal by the EAC and DOJ should
7  be considered by this Court to be a "*slapp suit* ([1]) against the State Plaintiff's public

---

[1] A strategic lawsuit against public participation (SLAPP) is a         that is intended to censor, intimidate, and silence critics by burdening them with the cost of a         until they abandon their criticism or opposition.

The typical SLAPP plaintiff does not normally expect to win the lawsuit. The plaintiff's goals are accomplished if the defendant succumbs to fear, intimidation, mounting legal costs or simple exhaustion and abandons the criticism. A SLAPP may also intimidate others from participating in the debate. A SLAPP is often preceded by a         . The difficulty, of course, is that plaintiffs do not present themselves to the Court admitting that their intent is to censor, intimidate or silence their critics. Hence, the difficulty in drafting SLAPP legislation, and in applying it, is to craft an approach which affords an early termination to invalid abusive suits, without denying a legitimate day in court to valid         claims.

History

The         was coined in the 1980s by         professors Penelope Canan and George W. Pring. The term was originally defined as "a lawsuit involving communications made to influence a governmental action or outcome, which resulted in a civil complaint or counterclaim filed against nongovernment individuals or organizations on a substantive issue of some public interest or social significance." The concept originators later dropped the notion that government contact had to be about a public issue to protected by the         the Government as provided in the         . It has since been defined less broadly by some states and more broadly in one state (California) where it includes suits about speech on any public issue.

The original conceptualization proffered by Canan and Pring emphasized the right to petition as protected in the United States under the US Constitution's specific protection in the First Amendment's fifth clause. It is still definitional: SLAPPs refer to civil lawsuits filed against those who have communicated to government officialdom (in its entire constitutional apparatus). The Right to Petition granted by         , King of England in the 10th century, antedates the Magna Carta in terms of its significance in the development of democratic institutions. As currently conceived, the right claims that democracy cannot function if there are, or if interest groups can erect, barriers between the governed and the governing.

According to         Judge J. Nicholas Colabella, "Short of a gun to the head, a greater threat to First Amendment expression can scarcely be imagined." A number of jurisdictions have made such suits illegal, provided that the appropriate standards of journalistic responsibility have been met by the critic.

Plaintiff's Declaration in Support of Reconsideration         Page 3 of 5

participation and her 1st, 5th, 9th and 10th amendment rights in state court. The U.S. DOJ and EAC should be punished by an Honorable Judge of this Federal jurisdiction. Furthermore, this court acts without jurisdiction chilling Plaintiff's public participation and speech, and violates my 4th, 5th, 9th and 10th Amendment substantive fundamental rights with a denial of due process and equal protection by this court as a matter of justice delayed being justice denied when in fact this action should have remained within the state court system solely. Plaintiff's State complaint must have been seen as germane only to the extent that the EAC administrative process separately would decide to review the actions first in camera as an administrative complaint that is not germane to the jurisdiction or authority of the state court.

     5.    Your honor has participated in violation of my fundamental substantive right to equal protection of the law and has participated ultra vires in a malicious manner without authority or jurisdiction to do so; and therefore, this court must strike the decision, sever the EAC and DOJ from the questionable order, reject the magistrate's finding regarding the EAC, and only review EAC / DOJ violation of both administrative process guarantees and conduct a plenary hearing on the matter of vexation and violation of public participation as a sanctionable matter as to EAC and DOJ.

WHEREFORE, Plaintiff prays that the Court reconsider its alleged jurisdiction and authority as a matter of good public policy and order;

    A. The EAC to provide Complainant with administrative due process under HAVA;

    B. That Plaintiff be granted a special hearing on the bad faith actions of EAC and DOJ and or its agents as a matter severed from the action now properly returned to state venue;

    C. That DOJ and EAC must be sanctioned for at least the Plaintiff's costs caused by

the vexatious removal and her subsequent legal work and real costs, and for punitive damages against the bad actors to serve as a warning and to compensate Plaintiff for the violation of her Constitutional rights;

D. And further and different relief that plaintiff is entitled.

Pamela Barnett
9/15/11

**EXHIBIT 1**

Case 2:10-cv-02216-KJM -DAD   Document 43-1   Filed 09/15/11   Page 6 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA BARNETT,

    Plaintiff,                      No. CIV S-10-2216 KJM DAD PS

    v.

DAMON JERRELL DUNN, et al.,

    Defendants.                 <u>ORDER</u>

_____/

        Plaintiff is proceeding pro se with the above-entitled action. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

        On March 24, 2011, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. Plaintiff has filed timely objections to the findings and recommendations. No reply has been filed.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the

/////

1

file, the court finds the order and findings and recommendations to be supported by the record and by proper analysis.[1]

On July 25, 2011, plaintiff filed a motion requesting that the undersigned recuse herself from this case. Having carefully considered this request in light of the applicable law, the undersigned declines to recuse. *See* 28 U.S.C. § 455.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal filed July 25, 2011 (ECF No. 39) is denied;

2. The findings and recommendations filed March 24, 2011 (ECF No. 34) are adopted in full;

3. Defendant USEAC's August 27, 2010 motion to dismiss (ECF No. 9) is granted;

4. Plaintiff's July 12, 2010 amended complaint (ECF No. 1, Attach.) is dismissed without leave to amend in this court;

5. Defendants Bowen and Brown's August 24, 2010 motion to dismiss (ECF No. 3) is denied as moot;

6. Plaintiff's September 8, 2010 motion for a three-judge panel (ECF No. 11) is denied as moot;

7. This matter is remanded to the Sacramento County Superior Court; and

8. The Clerk of the Court is directed to close this case.

DATED: September 5, 2011.

UNITED STATES DISTRICT JUDGE

/barnett2216.jo

---

[1] The court notes that, while accurate, the discussion in the findings and recommendations on page 9, lines 1-16, is not essential to resolution of the motion to dismiss.

2