IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAMELA BARNETT

        Plaintiff,                    Civ. No.  S-10-2216 KJM DAD

    vs.

                                     ORDER

DAMON JERRELL DUNN, et al.,

        Defendants.

_____/

        Plaintiff, proceeding pro se, has brought a motion for reconsideration of this court's order of September 6, 2011, adopting the magistrate judge's findings and recommendations and granting defendant U.S. Election Assistance Commission (USEAC)'s motion to dismiss without leave to amend, denying defendant Brown and Bowen's motion to dismiss as moot, and remanding to Sacramento County Superior Court.  Although plaintiff does not identify the basis of her motion, the court construes this as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure.  To the extent the court understands the basis of the motion,  plaintiff complains that the USEAC's removal of this action from state court was undertaken in bad faith in that she named the USEAC as a defendant only because she was required to give notice under the California Election Code and the Help Americans To Vote Act (HAVA).  ECF No. 43-1 at 3.  She also argues that the magistrate

1

judge's recommendation and thus this court's adoption of it was premature because she has not yet exhausted her administrative remedies under the HAVA.  ECF No. 43-1 at 2.

Under Rule 230(j)(3) & (4) of this court's Local Rules, a motion for reconsideration should identify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" before or "what other grounds exist for the motion" and why these facts were not asserted earlier.  Plaintiff has not satisfied this rule as she has not identified any new facts or circumstances that she was unable to present in connection with the motion to dismiss.

Under Rule 60(b)(6) of the Federal Rules of Civil Procedure, a motion for relief from judgment for "any other reason that justifies relief" should not be granted absent "extraordinary circumstances" and should not be a vehicle for repackaging arguments already presented.  *Maraziti v. Thorpe*, 52 F.3d 252, 254-55 (9th Cir. 1995).  Plaintiff has not identified any extraordinary circumstances justifying relief from judgment.

IT IS THEREFORE ORDERED that plaintiff's request for reconsideration (ECF No. 43 is denied).

DATED:  March 1, 2012.

_____
UNITED STATES DISTRICT JUDGE